WILLIAM O. HALLORAN, plaintiff in error, vs. WILLIAM C. BRAY, defendant in error.

A controversy *not in suit*, was referred to the arbitrament of *two* persons, with power to them to choose a third, *as an umpire*. The two made an award, without having chosen an umpire, and one of the parties moved, that the award should be made the judgment of the Court.

*Held,* That, as the arbitration was not under, either the Judiciary Act of 1799, or the arbitration Act of 1856, there was no power or authority in the Court to make the award the judgment of the Court.

Arbitration and award, in Meriwether Superior Court. Decision by Judge BULL, February Term, 1859.

William C. Bray and William O. Halloran, referred "the matters in issue between them, in relation to the business of the White Sulphur Springs," to the arbitrament of William A. Redd and Rev. T. F. Montgomery, and agreed that their decision should be final, on a certain basis, &c. It was also agreed that the arbitrators should have the privilege of calling in J. M. Beall to aid them in the adjustment and adjudication of the matters referred. The arbitrators, including Mr. Beall, made their award, and at the February Term,

Halloran vs. Bray.

1859, of the Superior Court of Meriwether county, counsel for Bray, moved to make the award the judgment of the Court; to which counsel for Halloran objected, on the ground that the arbitrators were not sworn. It appeared that the parties did not require the arbitrators to be sworn, and consented to dispense with the oath.

The Court granted the motion and ordered the award to be made the judgment of the Court, but without prejudice to any proceedings which might be had, to set aside the same for fraud. To which decision, counsel for Halloran excepted.

Adams & Knight, for plaintiff in error.

Geo. A. Hall, contra.

By the Court.—Benning J. delivering the opinion.

Was the Court right in making the award, the judgment of the Court?

If there is any law which authorizes this award to be made the judgment of a Court, it is the Judiciary Act of 1799, Cobb, 1140, or the arbitration Act of 1856, Acts of 1856, 222. Therefore, we must hold, that the Court below erred in making this award, the judgment of the Court, unless this case falls within one of those two Acts. Does it fall within either?

It does not fall within the Judiciary Act, for the only award that it includes, are awards made in cases pending in the Courts. This was not an award made in a pending case.

Neither does the case fall within the Act of 1856. The arbitration was not under that Act. The second section of that Act says, that "every arbitration shall be composed of three arbitrators, one of whom shall be chosen by each of the parties, and one by the arbitrators chosen by the parties."

In the present case, there were only two arbitrators; true,

two, with power to select an umpire—a power which they did not exercise; but if they had exercised the power, two arbitrators and an umpire are not three arbitrators; an umpire intervenes only when the arbitrators disagree.

Besides, the Act, in other parts, clearly contemplates, that the third man, the appointee of the two appointees of the parties, shall be a full arbitrator; that he shall fully share with the other two in all their powers, and in all their duties. See *the 4th and 10th sections.*

The case not falling within either of these Acts, there was no power in the Court, as far as we know, to authorize it, to make the award the judgment of the Court. And for *this* reason, we think that the judgment of the Court making the award its judgment, was erroneous.

Judgment reversed.