JOHN R. CRANE, administrator, plaintiff in error, *vs.* PATRICK BARRY, defendant in error.

1. To entitle an award to be made the judgment of the Court, under sections 4166, *et seq.* of the Code, it should appear that the submission was under the sections referred to. A written submission to two arbitrators, in which a third person is named as umpire, (but it does not appear by whom chosen,) who takes no part in the award, and is not sworn, is at least, *prima facie*, a common law award, and not entitled to be made a judgment of the Court.

2. Even though a judgment be void, the party against whom it exists has the right to have it set aside, and thus clear away any cloud that it may cast upon his right to alienate his property, so long as it remains of record against him.

Arbitration and award. Umpire. Void judgment. Before Judge DAVIS. Clark Superior Court. February Term, 1872.

The matters in controversy between Patrick Barry and John R. Crane, as administrator of Ross Crane, deceased, were submitted to arbitration by the following instrument:

"GEORGIA—CLARK COUNTY.

"We, the undersigned, hereby agree and pledge ourselves to leave to arbitration all matters of controversy between Patrick Barry and Ross Crane, deceased; also, all other business transactions between said parties, and to let said arbitrators make a final settlement in full of all matters between said

parties, and their settlement shall be binding between all parties interested in and through Patrick Barry and Ross Crane, deceased. Henry Beusse selected as arbitrator for Patrick Barry, and Jonathan Hampton as arbitrator for J. R. Crane, administrator of Ross Crane, deceased. William King, jr., umpire.     [Signed]

>     "PATRICK BARRY,
>     "JOHN R. CRANE,
>         "Adm'r of Ross Crane."

William King, jr., did not serve upon the investigation. On September 28th, 1870, the two arbitrators made an award in favor of Patrick Barry against John R. Crane, as administrator of Ross Crane, deceased, for $202 08. At the February term, 1871, of Clark Superior Court, the award was entered upon the minutes, and made the judgment of the Court. At the August term, 1871, a motion was made by the defendant to set aside said judgment, upon the ground that the submission was a common law, and not a statutory submission, and therefore the award based thereon could not be made the judgment of the Court. At the February term, 1872, the motion was denied, and defendant excepted, and assigns said ruling as error.

W. L. MITCHELL, represented by L. E. BLECKLEY, for plaintiff in error.

E. P. LUMPKIN, represented by JACKSON & CLARK, for defendant.

MONTGOMERY, Judge.

At common law an award can only be made the foundation of an action. Our Code, sections 4166 *et seq.* alters the common law and permits an award to be made the judgment of the Court, provided certain things are done by the parties, and the award is made in the way indicated. But it also permits the parties, if they prefer it, to pursue the old mode, and have their matters of controversy settled by a common law

Crane *vs.* Barry.

award. It is proper, therefore, that the Court should see that both parties intended to submit to a statutory arbitration before it permits the award to be made the judgment of the Court. In order to do this, no better way occurs to us than that it should be made apparent that the details of the statute have been complied with, or, if minor details have been omitted, at least that the intention of the parties was clearly to submit to an award under the statute. In the present case one of the three arbitrators took no part in the proceedings, and was not even sworn. Nor does it appear that he was chosen by the two arbitrators selected by the parties. Indeed, he is only named as an umpire in the submission which would seem to indicate that the parties intended he should take no part unless the others disagreed. Further, it is no where stated in the submission that the award is to be made the judgment of the Court.

In view of the failure to comply with the provisions of the statute, and in the absence of any evidence of intention on the part of the parties to make the award the judgment of the Court, we think that the submission in this case was, at least, *prima facie*, intended to be under the common law, and the award should not have been made the judgment of the Court without some evidence that the intention of the parties was to submit to an arbitration under the statute.

It is contended that when the award is sought to be made the judgment of the Court, the objections should be made as pointed out by the Code. This is true where the submission is under the statute, but where the submission is at common law the losing party is not bound to take notice at his peril that his opponent will move to make the award the judgment of the Court.

2. If the award was a common law one, there was no power in the Court by mere order to transform it into a judgment. Such order was inoperative and void. The propriety of a defendant, against whom even a void judgment exists, moving to set it aside is too obvious to need elaboration.

Judgment reversed.