GILBERT FORBES, treasurer, plaintiff in error, *vs.* W. W. TURNER, county judge, for use, defendant in error.

1. An award upon a disputed point of law is binding upon the parties to the submission, even though the question at issue was erroneously decided by the arbitrators.

2. A county treasurer is entitled to two and a half per cent. on all funds received by him, and to a like per cent. on all amounts paid out.

Arbitrament and award. County matters. Before Judge BUCHANAN. Troup Superior Court. November Term, 1874.

For the facts of this case, see the decision.

Forbes *vs.* Turner.

FERRELL & LONGLEY, for plaintiff in error.

W. W. TURNER, for defendant.

WARNER, Chief Justice.

This case came before the court below on exceptions filed to the award of arbitrators.   The exceptions filed to the award were demurred to as being insufficient in law to authorize the court to set it aside.   The court sustained the demurrer and overruled the exceptions, whereupon the complaining party excepted.   It appears from the record that Forbes, treasurer of Troup county, and Turner, the county judge of said county, differed as to the amount of commissions the said Forbes, as treasurer, was entitled to, under the law of the state, for receiving and paying out the county funds, the treasurer contending that he was entitled to two and a half per cent. on all money received by him, and two and a half per cent. for paying out the same; Turner, the county judge, contending that the treasurer was only entitled to two and a half per cent. for receiving and paying out the county funds.   In order to settle this difference, rather than a suit should be brought in the courts, the parties agreed, in writing, on the 10th day of November, 1874, to submit the question to the arbitrament, judgment and award of Ferrell, chosen by Forbes, Speer, chosen by Turner, and Thomasson, chosen by Ferrell and Speer. The arbitrators, after being duly sworn—that is to say, a majority of them—made an award, in which they decided that Forbes, the county treasurer, under the law of the state, was only entitled to two and a half per cent. commissions for receiving and paying out the county funds; and the question is, whether the court below erred in holding that this was a legal, valid award, and in overruling the exceptions thereto?   The court below did not decide what commissions the treasurer was entitled to receive; that question was not before it for decision.   The only question for the decision of the court, and the only question which it did decide was, that the exceptions filed to the award were not sufficient in law to set it aside.

In our judgment there was no error in overruling the exceptions to the award of the arbitrators, according to the repeated rulings of this court: *Anderson vs. Taylor,* 41 *Georgia Reports,* 10, and other cases. Parties may refer disputed questions of law, as well as disputed questions of fact, to the decision of arbitrators, and their award will be as binding upon them in the one case as in the other. We think that the arbitrators in this case erred in their judgment as to the amount of commissions which the county treasurer was entitled to receive, under the law of the state, as we held in the case of *The Ordinary of Monroe County vs. Proctor, treasurer,* 54 *Georgia,* 172. But that did not make the award of the arbitrators in this case an illegal award, for the reason that the parties agreed to abide by the judgment of their own chosen arbitrators upon the question submitted to them for their decision. The award was made as to the commissions to which the treasurer was entitled, under the law of the state, by the judges of his own selection to decide that identical question, and he is bound by their judgment. It will not do to say that parties can agree to submit a disputed question of law to their own chosen arbitrators, and when they have made their award upon the question submitted, then for one of the parties to repudiate that award and declare that he will not be bound by it, because the judges of his own selection have erred in their judgment as to the question of law submitted, or have misconstrued it; and, therefore, he will appeal to the courts to interpret the law, when his own chosen arbitrators have already decided that identical question. If such a rule was to be recognized and adopted, the award of arbitrators would not be worth much in settling disputed questions, either of law or fact. Although the arbitrators may have erred in their judgment in construing or interpreting the question of law submitted to them, still it was their judgment, and the parties are bound by it *in that case,* for the simple reason that they agreed to abide that judgment upon *the* question submitted for their decision.

Let the judgment of the court below be affirmed.