JOSHUA PRICE, plaintiff in error, *vs.* GILBERT M. BYNE *et al.*, defendants in error.

(BLECKLEY, Judge, was providentially prevented from presiding in this case.)

A submission to *three* arbitrators, with power on their part to call in a *fourth*, is not such a submission as will make the award rendered a statutory award, so as to make it, on motion, the judgment of the court, it not being a submission of any case pending in court, and nothing in the submission showing that the parties intended to proceed under the statute, or to have the award made the judgment of the court under the statute.

Arbitrament and award.   Before Judge CLARK.   Lee Superior Court.   November Adjourned Term, 1875.

Reported in the opinion.

W. A. HAWKINS, for plaintiff in error.

WARREN & ELY, for defendants.

JACKSON, Judge.

The sole question in this case is, whether this was a statutory or a common law award.   The submission was to three arbitrators, naming them, with their right to call in a fourth in case of disagreement.   Not a word was said about making the award the judgment of the court, nor was there any other ear-mark by which it could be ascertained that such was the intention of the parties.   No case between them was pending in court, and we think that this case falls within the principle ruled in 27 *Georgia Reports*, 368, and is controlled by it. The submission does not seem to have followed the statute at all, and the award cannot be a statutory award: See, also, 47 *Georgia Reports*, 476; 29 *Ibid.*, 422.

This case is clearly distinguishable from *Phipps vs. Tompkins*, 50 *Georgia Reports*, 641.   There the case was pending in court, the submission all right, and the only complaint was that the two arbitrators appointed by the parties acted, the third being absent and nobody objecting.   In this case no case was pending, and the whole submission was wanting in

any evidence that the parties intended to act under the statute. We think the court below was right 'in ruling that the award should not be made the judgment of the court, and we affirm the judgment.