OSBORN & WALCOTT MFG. COMPANY *v.* BLANTON.

1. In order to render an award a "statutory," as distinguished from a "common-law," award, there must be strict compliance with the statutory provisions by virtue of which an award may be made the judgment of a court. A submission to two arbitrators, with power to select an umpire only in the event of their disagreement, followed by an award signed by one of these two and an umpire, does not amount to such compliance, and such an award is not a statutory one.
2. Inasmuch as an award is vitiated by nothing save fraud, accident, or mistake, and therefore not by a mere error of judgment on the part of the arbitrators, either as to the law or the evidence, an award can not be set aside as being contrary to evidence if there is any evidence to sustain it.
3. There was, in the present case, ample evidence to support the verdict, whereby the jury in effect found that the award was correct and that there was no fraud, accident, or mistake on the part of the arbitrators; and damages are awarded against the plaintiff in error for bringing the case to this court for delay only.

Submitted October 11, — Decided November 2, 1899.

Arbitration and award. Before Judge Reagan. Spalding superior court. January term, 1899.

*Robert T. Daniel,* for plaintiff in error.
*Lloyd Cleveland,* contra.

LUMPKIN, P. J. The bill of exceptions in this case assigns error upon certain rulings made at the trial. None of the questions thus sought to be raised can, however, be considered by this court, for the reason that exception to the rulings complained of was not taken within the time prescribed by law. We therefore confine ourselves to the material questions presented by the motion for a new trial, exception to the overruling of which was made in due time.

1. The action was upon an award. One of the contentions of the defendant was that it was a statutory award, while the plaintiff, on the other hand, insisted it was a common-law award. As to this issue, we hold that the trial judge rightly sustained the position of the latter. It appears that the written submission to arbitration distinctly contemplated that the two arbitrators selected by the parties should not choose an umpire save only in the event they failed to agree upon an award. Under the repeated rulings of this court, an award

resulting from a submission of this kind is to be treated as a common-law award, and not as an award under the act of 1856, the provisions of which are now embraced in various sections of the Civil Code; that is to say, it should not be treated as a statutory award where the terms of the statute have not been strictly adhered to. See *Halloran* v. *Bray*, 29 *Ga.* 422; *Crane* v. *Barry*, 47 *Ga.* 476; *Phipps* v. *Tompkins*, 50 *Ga.* 641, 644; *Cherry* v. *Smith*, 51 *Ga.* 558; *Price* v. *Bynes*, 57 *Ga.* 176; *Sheffield* v. *Clark*, 73 *Ga.* 92.

2. Another question in the case arises upon an exception to an instruction by the court to the jury, to the effect that if the arbitrators acted honorably and fairly, and there was any evidence to sustain the award, it should be upheld. That this instruction was correct can not, at this late day, be reasonably doubted. See *Anderson* v. *Taylor*, 41 *Ga.* 10; *Tomlinson* v. *Hardwick*, Ibid. 547; *Akridge* v. *Patillo*, 44 *Ga.* 585, 587; *Overby* v. *Thrasher*, 47 *Ga.* 10; *Forbes* v. *Turner*, 54 *Ga.* 252; *Black* v. *Harper*, 63 *Ga.* 752; *Hardin* v. *Almand*, 64 *Ga.* 582; *Lester* v. *Callaway*, 73 *Ga.* 731.

3. There was ample evidence sustaining the correctness of the award and fully warranting the conclusion that there was no fraud or mistake on the part of the arbitrators. The questions of law raised in this case have been so long and so definitely settled by the repeated decisions of this court, it is plainly apparent that the writ of error is not only devoid of merit but that it must have been sued out for delay only. We therefore award damages against the plaintiff in error.

*Judgment affirmed, with damages.    All the Justices concurring.*