## LIVELY *et al. v.* HUNTER, executor.

1. Where parties in an agreement submitting a controversy between them to arbitration expressly stipulate that the arbitration is intended to be conducted under the provisions of the Code of Georgia, known as "statutory arbitration," and that the award should be "returned to and made the judgment of the superior court" of the county, it will not affect the statutory character of the award that the parties, in drafting the agreement for submission to arbitration, each named one arbitrator selected by them respectively and by mutual consent also named the "third arbitrator," it appearing that the arbitrators selected by the respective parties ratified such selection of the third arbitrator by acting with him and finding and returning an award in which all of the arbitrators participated.

2. The agreement for submission to arbitration in the case at bar was sufficiently comprehensive to authorize the arbitrators to deal with the question whether the plaintiff's property would be damaged by the conduct of the defendants, of which complaint was made; and there was sufficient evidence to support the finding that the property would be damaged by such use.

3. Parties by agreement may submit to statutory arbitration a pending suit in the superior court seeking an injunction, and consent that the arbitrators pass upon the issues, and that the award be made the judgment of the court. Where an award under such a statutory submission finds that an injunction should be granted, and, by order of the superior court, it is entered on the minutes thereof, thus making the granting of the injunction the judgment of that court, the award and judgment will

not be disturbed, where there is evidence submitted to the arbitrators sufficient to authorize the grant of an injunction.

4. Where it appears that there are two executors, but only one of them signs an agreement submitting to arbitration a controversy existing between the estate and a stranger, and the executor who signs the agreement signs the same in his individual name only, if it otherwise appears from the agreement that action as executor rather than as an individual is contemplated, and there is no fraud or undue advantage of the opposite party, such opposite party will not be heard, after the return of the award, to complain of such informality upon the part of the executor in the execution of the agreement for submission to arbitration.

5. No question of title was submitted to arbitration.

6. No sufficient reason appears for reversing the judgment of the court below.

Submitted June 18, 1907.—Decided February 8, 1908.

Arbitration and award.　Before Judge Brand.　Gwinnett superior court.　September 10, 1906.

F. J. Hunter, as executor of the last will of Mrs. M. V. Medlock and as next friend of the minor children of Mrs. Medlock, instituted suit against C. P. Lively and H. M. Lively, seeking to enjoin the defendants from the erection and use of a warehouse in front of and near a certain residence and boarding-house, the property of the plaintiffs.　The use to which the warehouse was to be employed was the storing of fertilizers alleged to be of such character as to emit unpleasant and unhealthy odors, thereby rendering the property of the plaintiffs undesirable for the purposes for which it was used by them and injurious to the health of the occupants, by means whereof the plaintiffs and their property would be damaged.　The defendants admitted their intention to construct the warehouse and use it for the purposes aforesaid, but denied that the use thereof would injure the property in any respect or render it undesirable for the uses to which the plaintiffs were putting their property, or that it would in any way damage the plaintiffs' property.　After making answer the parties entered into an agreement to arbitrate their differences.　In the stipulations to arbitrate it was provided:　"Whereas there is a matter of controversy between F. J. Hunter as executor of Mrs. M. V. Medlock, deceased, and as the next friend of the children of Mrs. Medlock, as plaintiffs, v. C. P. Lively and H. M. Lively, now pending in Gwinnett superior court, in which the plaintiffs are seeking and have had granted a temporary injunction, restraining said defendants from using a certain warehouse situated on

the right of way of the Southern Railroad Company in the town
of Norcross, in said county, fully described in the petition in said
case, for the purpose of storing guano and commercial fertilizers,
acids, or other manures in said house, to the injury and damage of
plaintiffs and their property, either temporarily or permanently.
And said parties have agreed to submit the question of nuisance
or injury or damage to arbitration. And for this purpose the
plaintiffs have selected T. B. Wray and defendants have selected
Huburt Letrow as their arbitrators, and have also selected J. E.
McElvoy as the third arbitrator, or umpire. Said award is to be
conducted under the provisions of the Code of Georgia, known as
the statutory arbitration, in the hearing of said case. Upon the
hearing the only question to be submitted to and passed upon by
said arbitrators is whether the health or property of said plain-
tiffs have been injured or damaged by the use of said warehouse as
above stated and the injunction now in force shall be made per-
manent. And in the event said arbitrators decide that said ware-
house worketh hurt or injury to the health or property of said
plaintiffs, then it is agreed that said defendants will not use the
same for said purposes. The award to be returned to and made
the judgment of the superior court of said county. It is further
agreed that the restraining order now in force shall be continued
until the award is rendered by said arbitrators and the case stand
continued until such award is made. In witness whereof said
parties have hereto set their hands and seals. This 27th day of
October, 1904. C. P. Lively & Son. (L. S.) ; Fred J. Hunter
(L. S.)" The arbitrators met and administered to each other
the oath required by the Civil Code, §4492. A hearing was then
had, and the following award was made: "We, the undersigned
arbitrators, to whom were submitted the differences between F. J.
Hunter, executor of Mrs. Medlock, deceased, and as next friend
of the children of Mrs. Medlock, as plaintiffs, v. C. P. Lively and
H. M. Lively, now pending in Gwinnett superior court, in which
the plaintiffs are seeking and have obtained a temporary injunc-
tion restraining said defendants from using a certain warehouse
situated on the right of way of the Southern Railroad Company,
in the town of Norcross in said county, for the storing of commer-
cial fertilizers, herewith return our award. Upon delivery of the
articles of submission to the arbitrators, they met and appointed

a time and place of hearing, of which due and legal notice was given to the parties. On the 28th day of December, 1904, pursuant to the said notice the hearing was had. After hearing the evidence and considering the matter submitted to us, we find that the property of said defendants would be damaged by the use of said warehouse for the storing of commercial fertilizers as above stated. We therefore find in favor of said F. J. Hunter, executor, and that the injunction now in force be made permanent. J. E. McElroy; T. B. Ray; L. H. Letrow." Upon the return of this award, the judge of the superior court passed an order directing that the submission and award be entered upon the minutes of court. At the same term of court, the defendants, C. P. Lively and H. M. Lively, filed a number of exceptions to the award, as follows: "And now come the defendants at the term of court to which the above stated award was returned, and on oath say that the said award was the result of a mistake, that it was an accident, and is otherwise illegal for the following reasons: (1) Plaintiffs' petition seeks to enjoin a nuisance, and the question of whether the defendants were maintaining or about to maintain a nuisance irreparable in damage was submitted to the arbitrators, and their award holds that said acts recited in the petition would damage plaintiffs' property, and the question of damage was not submitted to the arbitrators; and their award, determining only a question that was not submitted and not determining the question submitted, is void. (2) There was not submitted one single particle of evidence to the effect that the erection of the house itself would be a nuisance and would damage petitioners' property; and that being the true fact as shown by the testimony of plaintiffs' own witnesses and by plaintiff himself, there is no evidence as shown by the brief of evidence to uphold the award, because the court of this State has held that guano itself is not a nuisance; therefore the award is contrary to law. (3) A court of equity can not restrain an act of damage, unless it is shown that the damage would be irreparable in damage; and therefore an award so finding could not be made a legal judgment of the court. (4) This award is illegal, because it is void in that it does not determine the questions involved; there can be no legal award made and can not be made the judgment of the court of equity, which does not and can not determine damages. (5) The testimony and the record

shows that F. J. Hunter and R. O. Medlock are joint executors of the will of Mrs: M. V. Medlock, deceased, whereas only F. J. Hunter is made party plaintiff in this cause; and the arbitrators erred in not finding for the defendants upon motion of counsel for defendants on that ground. (6) The question submitted is a question specially vested in the superior court, and can not be, by said court or any other authority, delegated to arbitrators, and their finding on the pleadings and evidence in this case is void. Defendants, having hereto attached a brief of the evidence adduced on the trial before the arbitrators, as required by law, pray therefore that these their grounds of exception may be inquired into and sustained, and said award may be vacated and set aside as provided by law." By amendment the following exceptions were added: "The award is illegal, because no proof was adduced before the arbitrators showing title in the plaintiff to the property alleged to have been damaged. (2) Under an arbitration of this kind the parties have no right, as a matter of law, to select the third arbitrator; therefore the selection of the third arbitrator by the parties in this case renders the award illegal. (4) The submission is signed by F. J. Hunter as an individual, and not in his capacity as an executor of the estate he claims to represent; and therefore the award is for that reason illegal." The plaintiff filed a demurrer to the exceptions, upon the ground that each of the exceptions was insufficient in law. The court sustained the demurrer and dismissed the exceptions; and thereupon the defendants excepted.

*N. L. Hutchins* and *D. K. Johnston,* for plaintiffs in error.

*James W. Green,* contra.

ATKINSON, J. 1. The proceedings to arbitrate were in strict compliance with the provisions of the Civil Code upon the subject of arbitration, as found in sections 4485 et seq., with the single exception which related to the manner of selecting the third arbitrator. The statute provides that "every arbitration under this provision shall be composed of three arbitrators, one of whom shall be chosen by each of the parties and one by the arbitrators chosen by the parties." Civil Code, §4487. In the case at bar the parties each selected an arbitrator and themselves agreed upon a third arbitrator. In all other respects the statute was literally followed. The third arbitrator so selected served with the two arbitrators, and the case was heard by all three and the award returned by

them. The selection of the third arbitrator under these condi-
tions was not a substantial departure from the statute. It is true
the third arbitrator was selected by the parties; but he having acted
with the other two arbitrators, it will be deemed that they adopted
the choice expressed by the parties and agreed upon him as the
third arbitrator and one of their number. By adopting the se-
lection made by the parties jointly the two arbitrators selected by
the parties separately, in effect, selected the third arbitrator. The
contract for submission expressly and affirmatively provided that
"said award is to be conducted under the provisions of the Code
of Georgia, known as the statutory arbitration," and that the award
should be "returned to and made the judgment of the superior
court of said county." The intention of the parties to have a
statutory arbitration is thus made expressly to appear; and inas-
much as the law in such cases gives to the two arbitrators selected
separately by the respective parties the right to select the third
arbitrator, if they in fact accept and act with an arbitrator se-
lected by the parties, the reasonable inference is, that, having a
right so to do, they in fact ratified and adopted the selection made
by the parties. Adoption would be equivalent to original selec-
tion. Under such circumstances, it may be said that substantially
there was compliance with the statute, and the award returned, if
not objectionable for some other cause, was entitled to be made
the judgment of the court. The intention of the parties in a
case of this character is entitled to consideration upon the ques-
tion of whether the arbitration was under the common law or
under the statute. See, in this connection, *Price* v. *Byne,* 57 *Ga.*
176; *Crane* v. *Barry,* 47 *Ga.* 476.

2. Another exception is that the award was beyond the scope
of the submission, in that the question of damage was not compre-
hended. An examination of the articles of submission completely
answers the criticism. The agreement was that the arbitrators
should determine "whether the health or property of plaintiffs
have been injured or damaged by the use of the warehouse, . .
and [whether] the injunction now in force shall be made perma-
nent." Under this submission the arbitrators were clearly author-
ized to deal with the question of damage to the extent recited in
the award. Another exception complains that no evidence was
submitted tending to show that the erection of the warehouse

would be a nuisance and would damage the plaintiffs. That was. not the question submitted. The question. was whether the use of' the warehouse for the storing of guano and chemicals would dam-- age the health and property of plaintiffs. Upon the damage aris-- ing from use there was ample evidence to support the award.

3. Other exceptions complained of the award upon the grounds,. that no sufficient reasons were shown to authorize the grant of an injunction, and that the question submitted was one specially vested in the superior court for decision, and could not be delegated. to arbitrators. When a pending suit in which a final injunction is prayed is referred to arbitration, the award is analogous to the· finding of a jury. There is no reason in such a case why the mat- ter should not be referred to arbitration, and why the finding that. an injunction be granted (the same having been, by order of the judge, directed to be entered on the minutes and thus made the judgment of the superior court), should not be valid, for it is in · effect the granting of the injunction by the court upon the finding by ·the arbitrators in favor of the contention of the petitioner upon the issues submitted. This is not a question arising outside of' the superior court and referred to arbitrators by agreement, but a method' of determining the controversy in a pending cause. Nor· is this the grant of an injunction pendente lite, which is a matter. involving the exercise of discretion by the presiding judge, but of' an injunction after final trial on law and facts. There was suffi- cient evidence to sustain the award.

4. Certain exceptions complained that the award should be· set aside, because the record discloses that F. J. Hunter and R. O. Medlock are joint executors, and that Medlock was not a party to· the submission; also, that Hunter signed the agreement for sub-- mission, not as executor, but as an individual. These objections. came too late. If either were meritorious, they should have been· urged at the time of submission to arbitration, and not after the: result had been ascertained. While Hunter signed only his indi-· vidual name, it appears throughout the agreement that he was. acting in his capacity· as executor. It does not appear that the· signing in the manner indicated was the result of any fraud. The defendants knew, at the time the agreement was entered into, that. he executed it in his capacity as executor, and did not object or raise any question as to the sufficiency of the submission.

5.　Another ground of exception complains that no proof was adduced before the arbitrators showing title in the plaintiff to the property alleged to have been damaged.　The question of title was not submitted to the arbitrators.　That question was waived.　By implication, the defendants conceded·title to be in the plaintiffs by consenting to arbitrate the question of damage and injunction.　It was expressly stipulated that if the arbitrators should find in favor of the grant of an injunction, the defendants would not in the future use the warehouse for the purposes objected to.

6.　No sufficient cause appears in any of the other exceptions to authorize a reversal of the judgment of the court below.

*Judgment affirmed.　All the Justices concur, except Holden, J., who did not preside.*