### WARD v. MASTER LOAN SERVICE INC. *et al.*

JENKINS, Presiding Justice. Miss Montez Ward filed a petition in equity against the holder of a fi. fa. against her and joined the marshal of the civil court of Fulton County and the surety on the garnishment bond made by the holder of the fi. fa., and alleged that, for several reasons set forth in her petition, the judgment against her was absolutely void; one of the reasons being an absence of service in the suit on which the judgment against her had been obtained, and on which the garnishment had been issued. The petition set forth that she had never lived at the address where, as indicated by the officer's return, the service was made by leaving the process; that she did not know the person into whose hands the entry of the officer showed the process in that suit had been delivered; and that she had been unaware of the pendency of that action. She prayed, among other things, that the verdict and judgment which had been rendered against her be decreed null and void in so far as it related to her, and that the defendants be permanently enjoined from serving any further summons of garnishment based upon said judgment. The holder of the judgment demurred to the petition: first, generally; second, because it appears from the petition that there is a complete remedy provided by law for the relief sought; and third, because it appears from the petition that the plaintiff is not a party to the garnishment proceeding referred to, and therefore has no legal right "to complain thereof." The court sustained the first

and second grounds of demurrer and in terms refused to pass upon the last ground. *Held*,

From the language of the judge's order and from a consideration of the briefs, the case was determined on the theory that the plaintiff had her full and complete remedy at law, and for that reason could not bring an action in equity against the holder of the judgment to obtain the relief which her remedies at law afforded. This court held in *Crane* v. *Barry*, 47 *Ga.* 476 (2), as follows: "Even though a judgment be void, the party. against whom it exists has the right to have it set aside, and thus clear away any cloud that it may cast upon his right to alienate his property, so long as it remains of record against him." To the same effect it was held by this court in *Jordan* v. *Callaway*, 138 *Ga.* 209 (3) (75 S. E. 101): "A party against whom a void judgment exists may bring an equitable petition to have such judgment cancelled and set aside." Accordingly, irrespective of any consideration of the point made by the third ground of demurrer, upon which the court did not pass, since the action made the holder of the judgment a party defendant, and since it set forth at least one valid ground for the annulment of the judgment and prayed for the cancellation and annulment of the same, and to that extent was maintainable, the petition set forth a cause of action, and the court erred in dismissing the same on demurrer.

*Judgment reversed. All the Justices concur, except Wyatt, J., absent because of illness.*

No. 15080. FEBRUARY 8, 1945. REHEARING DENIED MARCH 7, 1945.

*Alex M. Hitz,* for plaintiff.

*George F. Fielding, E. H. Sheats,* and *W. S. Northcutt,* for defendants.