46668.   LOCKLEAR et al. v. PAYNE.

Deen, Judge. 1. "Parties disagreeing as to their rights or liabilities may submit the matter to third persons to decide, and the award made by such arbitrators is binding on the persons submitting." *Code* § 7-101. Where, under the agreement, the decision of such third persons is to be final, the decision, if within the scope of the agreement, may only be attacked for fraud, or such gross mistake as would necessarily imply bad faith or the failure to exercise an honest judgment. *State Hwy. Dept. v. MacDougald Const. Co.,* 189 Ga. 490, 491 (6 SE2d 570); *Skinner v. Smith,* 120 Ga. App. 35 (169 SE2d 365). Failure to swear witnesses is not a ground for voiding the award if sworn testimony is not required by the terms of the agreement. *Culbreth v. Smith,* 202 Ga. 102 (42 SE2d 432). Nor is a mere error of judgment (*Osborn & Walcott Mfg. Co. v. Blanton,* 109 Ga. 196 (34 SE 306)). The law favors an end to litigation and, where the parties agree to submit their dispute to another for settlement and that such settlement shall be final, the matter will be reopened only on an affirmative showing of fraud, accident, or mistake.

2. Payne, a contractor, sued the defendant homeowners, Mr. and Mrs. Locklear, for an unpaid balance on the construction of a home. The parties stipulate that the basis of the controversy settled around certain items the owners claimed either were not performed or were performed in a negligent or substandard manner; certain charges for "extras" which were either improperly performed or should not have been separately charged for, and certain other alleged failures in proper construction practice which the contractor refused to correct. They submitted their controversy to two persons, one chosen by each, under a signed written agreement that the latter should determine what extras and changes in the contract were requested, what the reasonable cost of these should be, whether the contractor failed to perform in a skillful manner, whether the quality of materials was substandard, whether it conformed to the plans and specifications, if not what the cost of correction of each item would be or, if the substandard item was not susceptible

of correction what damages should be allotted; that each party should furnish a statement in writing of all claims and objections contended for by him; that the arbitrators should view the premises and inspect the plans and drawings, and that their eventual decision should be final. The arbitrators did examine the plans, view the premises, and return a minutely itemized report covering some 38 items apparently indicated as points of difference by one or the other of the parties. As to each item, they approved, disapproved and allowed damages or credit accordingly, arriving at a final sum separated as to contract cost less construction defects and extras allowed, giving credit for sums previously paid. The report ended: "These are our findings and decisions to the best of our ability," immediately above the signatures of the arbitrators. There is accordingly no merit in the contention either that the report was not intended as an award under the agreement or that it was so vague and uncertain as to be unenforceable.

3. The agreement of submission stated: "The parties . . . shall furnish to the arbitrators . . . a statement in writing of the claims and objections. . . The parties and their respective witnesses shall from time to time, as, if and when required by the arbitrators, attend and submit to being examined and cross examined as to all of the matters referred to. . ." The agreement provides no absolute right for either party to present oral testimony, nor to cross examine the other party, but the question of the examination of witnesses was left to the discretion of the arbitrators, and it is not made to appear that they desired such testimony. This contention offers no ground for voiding the award.

4. The pleadings and motion for summary judgment of the plaintiff Payne in his action filed to compel payment of the amount of the award after the refusal of the defendants to abide by its terms show the facts stated above. Defendants do not deny the agreement, the award, or the refusal to pay, and they offer no evidence in resistance to plaintiffs' motion which would tend to show fraud, accident, or mistake. It was accordingly proper for the trial court to enter a grant of summary judgment in favor of the plaintiff contractor for the amount found by the arbitra-

tors to be due after credit to the Locklears for disallowed charges.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*

SUBMITTED OCTOBER 4, 1971—DECIDED NOVEMBER 12, 1971.

*Harl C. Duffy, Jr.,* for appellants.

*Rogers, Magruder & Hoyt, Wade C. Hoyt, Jr.,* for appellee.