30781. FISHER et al. v. GAUSE.

JORDAN, Justice.

This appeal is from a judgment adopting the findings of a single arbitrator concerning an accounting between a corporation's two sole stockholders.

Gause filed suit against Fisher and G & F Custom Builders, Inc. alleging that Fisher, as a majority stockholder, dismissed Gause as an employee and voted him out as a director and officer of the corporation, and that Fisher refused to accept Gause's offer to sell his interest in the corporation or to purchase Fisher's. It was prayed that defendants be temporarily restrained from disposing of the assets of the corporation and for other equitable relief.

In an effort to conclude the controversy, the parties agreed to submit the matter to a single arbitrator, and

further agreed that the finding of the arbitrator would be made the judgment of the court. The agreement stipulated that Gause was the owner of 40% of the outstanding stock of the corporation and that Fisher owned the remaining 60%; that each owned a one-half undivided interest in the real estate on which the corporation is located; that it was in the best interest of all that Fisher purchase Gause's stock in the corporation and his undivided interest in the real estate.

The arbitrator found that Fisher should pay Gause $6,182.72; that Gause should be relieved of any personal or corporate liability; and that Gause should convey his one-half interest in the real estate and transfer his ownership in the corporate stock to Fisher.

In his enumerations of error Fisher asserts that the judgment in favor of Gause in the sum of $6,182.72 was contrary to the evidence, and that the arbitrator overstepped his authority by relieving Gause of his liability under a security deed.

1. Appellee's motion to dismiss and for damages is denied.

2. Appellant's first three enumerations are nothing more than an enumeration on the general grounds. Code § 7-111, governing non-statutory arbitration, and the applicable case law state unequivocally that an award of an arbitrator will not be set aside on the ground that it is illegal because contrary to the evidence unless it is so contrary to the evidence as to require the inference that it is the result of unfair advantage given to either party, fraud, accident, or palpable mistake of law or fact on the part of the arbitrator. See *Osborn & Walcott Mfg. Co. v. Blanton,* 109 Ga. 196 (34 SE 306) (1899) and *Locklear v. Payne,* 124 Ga. App. 845 (186 SE2d 439) (1971). An award will therefore not be set aside as being contrary to the evidence if there is any evidence to sustain it. The award of $6,182.72 based upon various appraisals is supported by some evidence.

3. While it is true that an arbitrator may not exceed his authority by rendering an award covering matters not submitted to him by the parties (Code Ann. § 7-105), we do not agree with Fisher's contention that this arbitrator exceeded his authority by releasing Gause of his

indebtedness to John Purinton. The evidence obtained by the arbitrator shows that the real estate upon which the business was located originally belonged to Gause, and that Fisher purchased a one-half undivided interest in the real estate from Gause. The money used by Fisher to pay Gause for his equity in this real estate was furnished by the corporation from the proceeds of a loan from Purinton to the corporation, in which Gause and Fisher were makers using the real estate and other property as collateral. The balance of the money borrowed went into the corporate treasury. In determining the price Fisher should pay for Gause's undivided interest in the real estate and for Gause's stock in the corporation, it was necessary for the arbitrator to consider the parties' relative liability in connection with the land and the corporation. In order to preserve his award of the purchase price of the real estate and the stock, the arbitrator could have either included in the award any personal liability of Gause in debts owed by the corporation and by Fisher in the purchase of his original one-half interest in the real estate, or he could have simply ignored these debts in computing the award and then relieve Gause of any liability therein. Either method would have been within his authority under the agreement, and we affirm.

This judgment however does not impair any rights which Purinton may have against Gause under the note in which Gause co-signed. The arbitrator had authority to resolve any liabilities between Gause and Fisher as co-signers of the note; however, he had no authority to impair any rights of Purinton as holder of the note. Therefore, while the judgment provides that Fisher will be solely liable for the note as between him and Gause and destroys any right of contribution which Fisher might have had against Gause, it does not prevent Purinton from enforcing the note against either Fisher or Gause. Any amount which Gause might be forced to pay to Purinton under the note would, under the judgment, give Gause recourse against Fisher for the amount paid.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 9, 1976 — DECIDED APRIL 6, 1976 — REHEARING DENIED APRIL 20, 1976.

*Conger & Conger, J. Willis Conger,* for appellants.
*Smith & Perry, Ralph C. Smith, Jr.,* for appellee.