## 61194. BITUMINOUS CASUALTY CORPORATION v. UNITED SERVICES AUTOMOBILE ASSOCIATION et al. 61195. BITUMINOUS CASUALTY CORPORATION v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

SOGNIER, Judge.

In order to enforce their rights of subrogation of no-fault insurance benefits, appellees United Services Automobile Association (USAA) and State Farm Mutual Automobile Insurance Company (State Farm) made an application for arbitration to the Atlanta, Georgia Automobile Accident Arbitration Reparation Committee (Arbitration Committee) pursuant to the Motor Vehicle Accident Reparations Act, Code Ann. § 56-3405b (d) (1), (Ga. L. 1974, pp. 113, 118). Appellant Bituminous Casualty Corporation (Bituminous) was respondent in the arbitration proceedings and raised defenses of the statute of limitation and fault. The Arbitration Committee ruled in favor of USAA and State Farm, and made an award accordingly. Bituminous filed a petition for judicial review in superior court pursuant to the Georgia Administrative Procedure Act, Code Ann. § 3A-101 et seq., naming USAA, State Farm and the Arbitration Committee as defendants. The defendants filed a motion to dismiss which was granted, and Bituminous appeals.

The arbitration proceedings arose out of an automobile collision which occurred on November 16, 1975 between appellant's insured and appellees' insured. The application for arbitration was filed on November 20, 1979 and appellant voluntarily submitted to and participated in the proceedings. Appellant contends that the trial court erred in granting appellees' motion to dismiss his petition for judicial review because the Arbitration Committee is a state agency under Code Ann. § 3A-102 (a), and the arbitration award is subject to judicial review pursuant to Code Ann. § 3A-120.

Appellant's assertion that the Arbitration Committee is an administrative agency of the State of Georgia is predicated on Code Ann. § 56-3405b (d) (1) (Ga. L. 1974, pp. 113, 118) which provides in pertinent part: "(d) (1) Insurers and self-insurers providing benefits without regard to fault described in sections 56-3403b and 56-3404b shall be subrogated to the rights of the person for whom benefits are provided, to the extent of the benefits provided, only in the event that the person for whom benefits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle accident with the right of recovery and the amount thereof shall be determined by agreement on the basis of tort law between the insurers involved, or, if they fail to agree, by

binding intercompany arbitration under procedures approved by the Insurance Commissioner." Pursuant to this code section the insurance commissioner promulgated Rules and Regulations, Chapter 120-2-28-01 et seq., for the purpose of "120-2-28-02 . . . 5. Establishing minimum standards and procedures for arbitration among insurers . . ." Accordingly, the Georgia Insurance Commissioner selected the Committee on Insurance Arbitration of New York, which in turn appointed appellee Arbitration Committee, to provide "binding intercompany arbitration" pursuant to Code Ann. § 56-3405b (d) (1).

Appellees' motion to dismiss was based upon the trial court's lack of jurisdiction and the failure of appellant's petition to state a claim upon which relief could be granted. Appellees contend that the decision of the Arbitration Committee is not a decision of an administrative agency of the state, because Code Ann. § 56-3405b was amended in 1978 by the Georgia General Assembly and the provision with regard to binding arbitration was deleted. Since the portion of the statute upon which arbitration regulations depend has been repealed, the arbitration could not be construed as an appeal from an administrative agency of the state. The trial court ruled that the arbitration which took place from February, 1979 until January, 1980, "did not occur under the requirement of any rules, regulations or procedures promulgated by the Georgia Insurance Commissioner pursuant to any statute in force at the time." Assuming arguendo only that the former law resulted in the creation of an administrative agency of the state, we agree with the trial court that the arbitration did not occur under the former law.

Appellant contends that the prior law (Ga. L. 1974, pp. 113, 118) applies because the claim submitted to arbitration arose prior to the 1978 amendment of Code Ann. § 56-3405b (d) (1) which deleted the arbitration provision from the law. Thus, the 1978 amendment cannot be applied constitutionally because such application would give the statute retroactive effect. (Code Ann. § 2-107 (Art. I, Sec. I, Par. VII)). We do not agree.

The constitutional prohibition against retroactive laws applies only to those laws which affect or impair vested rights. *Bullard v. Holman,* 184 Ga. 788 (2) (193 SE 586) (1937); *Smith v. Abercrombie,* 235 Ga. 741, 749 (221 SE2d 802) (1975). The 1978 amendment affected no vested right regarding subrogation. Rather, the arbitration provision in the former law provided a procedure to be used in the event that the insurers could not agree to the right (of subrogation) and amount of recovery. *Armistead v. Cherokee County School District,* 144 Ga. App. 178, 179 (241 SE2d 19) (1977). We view the 1978 amendment deleting the arbitration provision as a

procedural change and therefore, as having retroactive effect.

The question remains, however, whether the petition for review states a claim upon which relief can be granted. The arbitration was conducted under regulations having no basis in law, even though the Arbitration Committee continued to function after the 1978 amendment. All parties were represented by counsel and acquiesced in the arbitration which may be considered in the nature of a common law arbitration. The award may be deemed binding where the parties have submitted the dispute to an arbitrator for final determination and he has made an award accordingly. Under such circumstances, the parties have impliedly agreed to abide by the award. *Cliett v. Metropolitan Life Ins. Co.,* 195 Ga. 257, 265 (24 SE2d 59) (1943).

Code Ann. § 7-101 provides: "Parties disagreeing as to their rights or liabilities may submit the matter to third persons to decide, and the award made by such arbitrators is binding on the persons submitting." The parties involved in the instant arbitration accepted the procedures provided for under the Rules and Regulations of the insurance commissioner, including the binding nature of the arbitration. We do not find such Rules and Regulations repugnant to the codified provisions of common law arbitration.

Code Ann. § 7-111 provides: "An award may be set aside for any unfair advantage given to either party in the hearing of the case or the rendering of the award, for fraud in the arbitrators or in either party in obtaining the award, for a palpable mistake of law, or for a reference of any matter to chance or lot." Our Supreme Court has held that "an award of an arbitrator will not be set aside on the ground that it is illegal because contrary to the evidence unless it is so contrary to evidence as to require the inference that it is the result of unfair advantage given to either party, fraud, accident, or palpable mistake of law or fact on the part of the arbitrator." *Fisher v. Gause,* 236 Ga. 663, 664 (225 SE2d 2) (1976). The petition for review in the instant case states that appellant is aggrieved because the award and findings are in violation of statutory provisions, in excess of the authority of the agency, affected by errors of law, clearly erroneous in light of the substantial evidence on the record, and characterized by an abuse of discretion or unwarranted exercise of discretion. At a minimum a mistake of law is claimed. In view of this, the petition for judicial review sets forth a claim upon which relief could be granted under the provisions of Code Ann. § 7-111. Under our liberal rules of pleading, appellant has stated the essential elements of a cause of action sufficient to withstand a motion to dismiss, *Sprewell v. Farmer,* 230 Ga. 297 (196 SE2d 866) (1973), especially where the right to amend pleadings under the Civil Practice Act is very broad and there is no prohibition against pleading a new cause of action by

amendment. Code Ann. § 81A-115; *McDonald v. Rogers,* 229 Ga. 369, 378 (191 SE2d 844) (1972) (overruled on other grounds); see *Gilman Paper Co. v. James,* 235 Ga. 348 (219 SE2d 447) (1975). Accordingly, it was error to grant appellees' motion to dismiss.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 4, 1981.

*Ward D. Hull,* for appellant.
*Richard G. Greer, Curtis A. Thurston, Jr.,* for appellees.