**Gregory C. BLUMBERG, Plaintiff-Appellant,**

v.

**Richard C. BERLAND and Baird, Patrick & Co., Inc., Defendants-Appellees.**

**No. 81–8024**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

June 18, 1982.

---

**9.** Appellant first raised this issue in his motion for reconsideration. Record, vol. 1, at 88–89.

*See* footnote 6.

Wade C. Hoyt, III, Rome, Ga., for plaintiff-appellant.

David J. Bailey, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendants-appellees.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

Holding a New York arbitration panel's judicially confirmed decision *res judicata* as to plaintiff's claim that defendants failed to carry out his instructions for buying and selling stock, the district court granted summary judgment in favor of defendants. We affirm.

Plaintiff Gregory Blumberg was a customer of defendant Richard Berland, employed as a stockbroker by defendant Baird, Patrick & Co., a New York brokerage firm. Based on his charge that defendants failed to carry out his instructions for buying and selling certain stocks, plaintiff instituted an action in Georgia state court alleging breach of contract, breach of fiduciary duty, negligence and deceit. Plaintiff had previously entered into a "customer's agreement" with the firm which provided for arbitration of controversies as follows:

> Any controversy between you and the undersigned arising out of or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of either the Arbitration Committee of the Chamber of Commerce of the State of New York, or the American Arbitration Association, or the Board of Arbitration of the New York Stock Exchange, as the undersigned may elect. If the undersigned does not make such election by registered mail addressed to you at your main office within five (5) days after receipt of notification from you requesting such election, then the undersigned authorizes you to make such election in behalf of the undersigned. Any arbitration hereunder shall be before at least three arbitrators and the award of the arbitrators, or a majority of them shall be final, and judgment upon the award rendered may be

entered in any court, state or federal, having jurisdiction.

Pursuant to the agreement, defendants commenced arbitration proceedings in New York with respect to plaintiff's allegations. The previously filed state action was removed to federal court for diversity of citizenship jurisdiction.

After the New York arbitration panel's decision in favor of defendants was confirmed by the Supreme Court of New York in New York County, defendants moved for summary judgment in the federal action. The motion was granted and this appeal followed.

 Plaintiff advances three main contentions on appeal. *First,* he argues that he made only a limited special appearance before the New York arbitration panel to contest jurisdiction, and because the panel lacked jurisdiction, its decision is not binding on him. While the record is unclear as to what extent the materials submitted by plaintiff in the New York proceedings focused on the merits of his substantive claims, he had the opportunity there to fully and fairly litigate the question of the arbitration panel's jurisdiction to decide the claims that are the basis of this lawsuit. The record does not indicate plaintiff filed any motion in the federal district court to stay the New York arbitration proceeding. Had he done so, it is possible that the jurisdiction issue could have been first litigated in federal district court. *See, e.g., Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Haydu,* 637 F.2d 391 (5th Cir. 1981).[1] Indeed, had plaintiff been unsuccessful in his effort in the trial court he could have sought recourse before this Court, as we have held appealable an order denying a motion to stay arbitration. *Wickes Corporation v. Industrial Financial Corporation,* 493 F.2d 1173 (5th Cir. 1974). Plaintiff did not appeal the New York state court's decision that it had jurisdiction to confirm the panel award in favor of defendants. A final judgment on the merits precludes parties and their privies from relitigating issues that were or could have been raised in the action. *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). The New York Supreme Court's judgment is therefore *res judicata* and entitled to full faith and credit in a federal district court sitting in Florida. *Durfee v. Duke,* 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). *See also Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 102 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

*Second,* plaintiff argues the arbitration clause is contrary to Georgia public policy and that enforcement of the arbitrator's award conflicts with the Georgia Foreign Money-Judgments Recognition Act, Ga. Code Ann. § 110–1301 *et seq.* Although he had an opportunity to do so, plaintiff apparently did not advance the former contention in the New York proceedings. Under the principle of *res judicata,* he cannot now raise it in this forum. *Johnson v. United States,* 576 F.2d 606, 611 (5th Cir. 1978), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981). In any event, arbitration clauses similar in all material respects have been upheld by the Supreme Court of Georgia. *See West Point-Pepperell, Inc. v. Multi-Line Industries, Inc.,* 231 Ga. 329, 201 S.E.2d 452 (1973); *Pacolet Manufacturing Co. v. Crescent Textiles, Inc.,* 219 Ga. 268, 133 S.E.2d 96 (1963).

 With regard to his contention under the Georgia Foreign Money-Judgments Recognition Act, plaintiff argues that because New York was a seriously inconvenient forum the judgment obtained there is invalid under the Georgia statute. It is not necessary to decide here the convenience or inconvenience of the New York forum. Plaintiff freely contracted to arbitrate disputes arising from his agreement with defendants in New York, and under the United States Arbitration Act, 9 U.S.C.A. § 1 *et seq.,* the arbitration clause is enforceable.

---

**1.** The eleventh Circuit, in the en banc decision of *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

*See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 637 F.2d at 395; *West Point-Pepperell, Inc. v. Multi-Line Industries, Inc.,* 201 S.E.2d at 453.

■ *Third,* relying on *West Point-Pepperell* and *Locklear v. Payne,* 124 Ga.App. 845, 186 S.E.2d 439 (1971), plaintiff argues the New York arbitration panel could not dispose of his fraud claim because fraud is not a proper subject of arbitration and must be decided by a jury. Plaintiff misconstrues the cases and the rule. The fraud referred to in *West Point-Pepperell* and *Locklear* which justifies overturning arbitration decisions is fraud occurring in the course of the arbitration proceedings, not allegations of fraud properly submitted for arbitration. The provision in the customer's agreement that the parties would arbitrate "any controversy . . . arising out of or relating to [the] contract or breach thereof . . .", necessarily included plaintiff's claim of fraud, and the panel therefore had authority to dispose of the issue.

AFFIRMED.