### 73328. THOMPSON v. WISE.
(356 SE2d 40)

BENHAM, Judge.

After appellant's house was damaged by a falling tree, he entered into a contract with appellee pursuant to which appellee would do certain repairs on the house. A dispute arose concerning the quality of appellee's work, and appellant refused to pay under the contract. Appellee brought suit and appellant counterclaimed. The parties eventually entered into an agreement to submit to arbitration the question of the cost to finish the repairs to appellant's house. Pursuant to that agreement, an expert arbitrator would be named by the trial court; and the arbitrator would meet with counsel, would be provided a list of specific items to consider, would have an opportunity to inspect the house and the work done, and would then issue a report in which, as to each specific item, he would indicate whether the work done was satisfactory and, if not, the cost of repair. The arbitrator did what was required of him under that agreement and submitted a report which was reviewed by both parties and by both counsel. The report indicated that the cost of repair was $4,775. According to the agreement, appellant would be required to pay within 10 days of the arbitrator's report the difference between the amount in the report and the amount stipulated as the balance due under the original contract. When appellant did not pay within 10 days, appellee filed a motion for summary judgment seeking enforcement of the agreement. Appellant responded with a cross-motion for summary judgment, supported by an affidavit from the arbitrator in which he swore that he had only considered the material and base labor costs in formulating his estimate, and that it would cost $12,000 to induce a contractor to make the necessary repairs. The trial court, citing a stipulation in this case to the effect that the arbitrator would not be called upon for further

evidence after issuing his report, refused to consider the affidavit and granted summary judgment to appellee. That order is the subject of this appeal.

1. The first issue to be considered is the validity and effect of the stipulation pursuant to which the trial court refused to consider the affidavit appellant submitted. "Parties to stipulations and agreements entered into in the course of judicial proceedings are estopped from taking positions inconsistent therewith, and no litigant will be heard to complain unless it be made plainly to appear that the consent of the complaining party was obtained by fraud or mistake. [Cits.]" *McDonald v. Hester*, 115 Ga. App. 740, 741 (155 SE2d 720) (1967). The trial court's finding that the parties had entered into such a stipulation is supported by the uncontradicted statement of the stipulation in an affidavit by appellee's counsel and by the trial judge's personal recollection of the stipulation and his role in bringing it about. Therefore, we find untenable appellant's position that the only matters of record to be considered are the arbitration agreement and actions subsequent thereto. It has long been recognized that parties to an arbitration agreement may stipulate to its binding effect and may agree not to go behind or challenge the arbitrator's decision. *Crabtree v. Green*, 8 Ga. 8 (6) (1850). Appellant made such an agreement and we find no error in the trial court's refusal to consider the affidavit appellant procured from the arbitrator.

2. Without the affidavit from the arbitrator, of course, there is no evidence to support appellant's argument that the arbitrator's report should be set aside because of a mistake. However, as an alternative ground for our decision, we find that appellee would have been entitled to judgment even if the affidavit had been considered.

"Where the parties to a contract agree that the decision of a third person on a matter connected with the execution of a contract shall be final and conclusive, his decision is binding on the parties, as to those matters he is authorized to determine, except in the case of fraud, gross mistake as would necessarily imply bad faith, or a failure to exercise an honest judgment. [Cit.]" *Skinner v. Smith*, 120 Ga. App. 35, 36 (169 SE2d 365) (1969). See also *Fisher v. Gause*, 236 Ga. 663 (2) (225 SE2d 2) (1976); *Locklear v. Payne*, 124 Ga. App. 845 (1) (186 SE2d 439) (1971).

Appellant has not shown such a mistake as would authorize setting aside an arbitrator's award. What appellant has shown is a disagreement, after the fact, with the factors to be considered by the arbitrator. The arbitration agreement called for the arbitrator to "indicate the cost of repairing, correcting or completing" any items he found to have been omitted or done unsatisfactorily. Counsel for the parties discussed with the arbitrator the specific items to be considered and the scope of his consideration. After the inspection and the

completion of the report, both parties and their counsel reviewed the report and initialed it. In the affidavit appellant procured from the arbitrator, he states what his understanding was concerning the scope of the cost estimate he was asked to produce, then states that it would cost more than the amount of that estimate to induce a contractor to undertake the work. That does not show a mistake by the arbitrator. If there was a mistake in this case, it was appellant's in failing to ensure complete agreement, prior to the arbitrator's preparation of his report, on the scope of the costs to be considered. Considering the record as a whole, including the affidavit of the arbitrator, there is no evidence that the award of the arbitrator was the result of so palpable a mistake that the award should be set aside. *Fisher*, supra.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 10, 1987 —
REHEARING DENIED MARCH 27, 1987 — ▪▪▪▪▪

*Samuel D. Ozburn*, for appellant.
*John B. Degonia, Jr.*, for appellee.