A00A0776. CULLUM v. CHATHAM COUNTY BOARD OF TAX ASSESSORS.

(534 SE2d 535)

ANDREWS, Presiding Judge.

Patricia Cullum appeals from the trial court's order granting the Chatham County Board of Tax Assessors' (Board) motion for summary judgment. Cullum appealed to the superior court after the Chatham County Board of Equalization (Board of Equalization) denied her appeal of the tax assessor's increase in the appraised value of her property for 1998. Cullum argued below and on appeal that OCGA § 48-5-299 (c) should be read to prohibit the tax assessor from changing her property value for two years because she appealed the valuation in 1997. But, the plain language of OCGA § 48-5-299 (c) states that only those real property values established by appeals to the Board of Equalization or superior court may not be changed for two years without investigating factors currently affecting the fair market value. Because Cullum's property value in 1997 was not determined by an appeal to either the Board of Equalization or superior court, the tax assessor was not prohibited from raising the appraised value of her property for 1998.

This case arose when the Board notified Cullum on June 13, 1997, that the appraised value of her property had been raised to $182,000 for the year 1997. Cullum appealed the increase, claiming it was excessive. The Board reviewed this appeal and lowered the appraised value to $171,000, as provided for in OCGA § 48-5-311 (e) (2) (A). Cullum accepted this reduction.

On July 2, 1998, the Board notified Cullum that the appraised value of her property had been raised to $184,000 for the year 1998. Cullum again appealed the valuation, this time claiming that the increase in valuation violated OCGA § 48-5-299 (c) which prohibits the Board from changing the value of the property for two years after an appeal to the Board of Equalization or superior court.

This time the Board declined to lower the value and forwarded the appeal to the Board of Equalization. The Board of Equalization

held a hearing on the appeal, and Cullum argued that the value of the property had been established by an appeal the year before and had not been returned at a different value for the following year; therefore, the Board had no authority to raise the value during the next two years. Nevertheless, the Board of Equalization upheld the valuation at $184,000. Cullum then appealed this decision to the superior court.

The Board filed a motion for summary judgment on Cullum's claim, contending that because the Board itself had lowered the valuation, Cullum had neither appealed her valuation to the Board of Equalization nor to the superior court and, therefore, OCGA § 48-5-299 (c) did not apply to her revaluation. The superior court agreed and granted the Board's motion for summary judgment. This appeal followed.

This case turns on the interpretation of the first sentence of OCGA § 48-5-299 (c):

> Real property, the value of which was established by an appeal in any year, that has not been returned by the taxpayer at a different value during the next two successive years, may not be changed by the board of tax assessors during such two years for the sole purpose of changing the valuation established or decision rendered in an appeal to the board of equalization or superior court.

There is nothing ambiguous in the language of this statute. "[W]here the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden." *City of Jesup v. Bennett*, 226 Ga. 606, 609 (176 SE2d 81) (1970). Moreover, the title and caption of the amendment to OCGA § 48-5-299 which later became subsection (c) make clear that this subsection was intended to apply only to reassessments established by the Board of Equalization or superior court. *Moreton Rolleston, Jr. Living Trust v. Glynn County Bd. of Tax Assessors*, 228 Ga. App. 371, 377 (491 SE2d 812) (1997). In *Rolleston*, we stated that the General Assembly's intent in enacting this amendment was to prevent county tax assessors from reassessing property upward each year, even though they would often have to compromise, settle, or lose appeals before the board of equalization or superior court. In this way, the tax assessor could get at least a small reassessment most of the time, and often the property owner would eventually give up because of the costs in legal fees, litigation, and time. Id. at 375.

In this case, Cullum did not have to go to the Board of Equalization or superior court in 1997. She filled out a short form attached to

the notice of reappraisal, and the Board later notified her they were adjusting the value.

Therefore, under the plain language of the statute and also looking to the intent of the General Assembly in enacting the amendment, we conclude that only those appeals which result in a valuation established by the Board of Equalization or superior court will prohibit the tax assessor from changing the value within the next two years. Because Cullum did not come under the prohibition of OCGA § 48-5-299 (c), the court properly granted summary judgment to the Board.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MAY 10, 2000 —

*Frank R. Cullum,* for appellant.
*Barr, Warner, Lloyd & Henifin, A. Howard Henifin,* for appellee.