A07A0937. INTERNATIONAL AUTO PROCESSING, INC.
v. GLYNN COUNTY.

(651 SE2d 535)

ELLINGTON, Judge.

International Auto Processing, Inc. ("IAP") filed this action pursuant to OCGA § 48-5-380, seeking a refund for four years' worth of ad valorem taxes paid to Glynn County. The trial court granted the county's motion for summary judgment and subsequently denied IAP's motion for reconsideration. IAP appeals, contending the trial court erred in concluding that IAP failed to meet the requirements for a refund and erred in refusing to allow IAP to submit additional evidence in support of its motion for reconsideration. Finding no error, we affirm.

1. IAP contends the trial court erred in granting the county's motion for summary judgment. Viewed in the light most favorable to IAP, the record shows the following.[1] IAP operates a business on Colonel's Island, which is owned by the Georgia Ports Authority. From 1993 to 1996, IAP owned buildings and other improvements on land it leased from the Authority. During those years, IAP paid ad valorem taxes on its leasehold and improvements. In 1996, IAP sold the improvements to the Authority for over $7 million. Thereafter,

---

[1] In order to prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. (Citations omitted.) *Benton v. Benton,* 280 Ga. 468, 470 (629 SE2d 204) (2006).

IAP leased back both the land and the improvements from the Authority for an annual rent of over $700,000.

On March 31, 1997, IAP filed with the tax commissioner a "Taxpayer Return of Property for Taxation."[2] Construed in the light most favorable to IAP's claimed refund, the return indicates that in 1996 the buildings and improvements on the subject land were sold by IAP to the Authority and were to be leased back to IAP, along with the land. The blocks on the form for "market value" were left blank.

The county continued to bill IAP for ad valorem taxes in approximately the same amount as before IAP sold the improvements to the Authority. IAP paid the taxes for 1997 through 2002 without protest. In December 2002, IAP filed a claim for a refund pursuant to OCGA § 48-5-380.[3]

As the Supreme Court of Georgia has explained, two procedures exist for challenging the assessment of property for tax purposes: an appeal from an assessment, pursuant to OCGA § 48-5-311, and a refund action, pursuant to OCGA § 48-5-380, for taxes determined to have been " 'erroneously or illegally assessed and collected.' " *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. 645, 646 (458 SE2d 632) (1995) (quoting OCGA § 48-5-380 (a)). The appeal procedure provided for in OCGA § 48-5-311 allows a taxpayer who is dissatisfied with an assessment to expeditiously resolve the issue before paying the taxes based on the assessment. *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. at 646. The refund procedure set forth in OCGA § 48-5-380, on the other hand, was designed to protect taxpayers from "later-discovered defects in the assessment process." *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. at 646. Where a taxpayer does not pursue a timely appeal of an assessment under OCGA § 48-5-311, the refund procedure set out in OCGA § 48-5-380 is available to challenge issues of valuation, equalization, or uniformity only "[i]f the taxpayer alleges that the assessment is based on matters of fact in the record which are inaccurate, or that the assessment was reached by the use of illegal procedures." *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. at 647.

In this case, IAP contends that the county followed illegal procedures after IAP filed its 1997 return. Specifically, IAP contends that after it filed a return that was silent as to the fair market value

---

[2] There is a dispute regarding whether IAP or its parent company and predecessor in interest actually filed the return. Because the issue does not affect our analysis, we will assume for purposes of this appeal that IAP filed the return.

[3] In accordance with OCGA § 48-5-380 (b), IAP sought a refund only for taxes paid within three years of its claim.

of the taxable property "the subject properties should have been taxed at the values ascribed in the return," that is, "at *zero* value." If the board of assessors disagreed with IAP's valuation, IAP contends, the board should have reassessed the property and notified IAP so that it could have availed itself of the assessment appeal procedure set out in OCGA § 48-5-311, which requires that an appeal be instituted within 45 days of a notice of assessment. OCGA § 48-5-311 (e) (2) (A).[4] Because the county failed to either tax the property at a zero value or to reassess the property, IAP contends the assessment was reached by the use of illegal procedures. We disagree.

Under Georgia's ad valorem tax statutes, each property owner has a personal affirmative duty to return the fair market value of taxable property including any improvements and must do so annually, in writing, and under oath. *Cobb County Bd. of Tax Assessors v. Morrison*, 249 Ga. App. 691, 692 (548 SE2d 624) (2001).[5] Contrary to IAP's argument, returns must state the taxable property's fair market value. See OCGA § 48-5-6 ("All property shall be returned for taxation at its fair market value except as otherwise provided in this chapter."). IAP identified no authority for its novel position that a taxing authority is required to interpret silence on a return as to market value as an affirmative declaration that the property has no market value. In the absence of any return by the taxpayer or other information available to the taxing authority showing that the existing assessment overvalues the taxable property, the tax bill may be based on the existing assessment. See OCGA § 48-5-20 (a) (1) (a taxpayer who fails to return taxable property in a given year is deemed to have returned it at the same valuation as applied the preceding year). IAP has not identified any evidence supporting an inference that the county lacked authority to impose the tax, committed a clerical error, or collected a wrongly assessed tax. See *Nat. Health Network v. Fulton County*, 270 Ga. 724, 728-729 (3) (514 SE2d 422) (1999). Based on the undisputed evidence of record, the county

---

[4] See OCGA § 48-5-306 (the county board of tax assessors shall mail to a taxpayer a notice of assessment whenever it corrects, changes, or equalizes the fair market value attributed to any taxable property). IAP contends that the last time the county mailed an assessment notice was in 1994, when IAP still owned the buildings and improvements.

[5] See OCGA §§ 48-5-3 ("All real property including, but not limited to, leaseholds, interests less than fee, and all personal property shall be liable to taxation and shall be taxed, except as otherwise provided by law."); 48-5-10 ("All property shall be returned by the taxpayers for taxation to the tax commissioner or tax receiver as provided by law. Each return by a taxpayer shall be for property held and subject to taxation on January 1 next preceding each return."); 48-5-15 (a) ("All improved and unimproved real property in this state which is subject to taxation shall be returned in person or by mail by the person owning the real property or by his agent or attorney to the tax receiver or tax commissioner of the county where the real property is located.").

was entitled to judgment as a matter of law on IAP's refund action. Id.; *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. at 647.

2. IAP contends the trial court abused its discretion in excluding evidence offered at the hearing on its motion for reconsideration of the order granting the county's motion for summary judgment. Specifically, IAP sought to introduce the affidavit of its lawyer regarding a conversation between the lawyer and the tax commissioner at the time the March 31, 1997 return was completed and filed. The trial court acted within its discretion in excluding an affidavit filed more than 30 days after the county served its motion for summary judgment. *Fowler v. Smith*, 237 Ga. App. 841, 843 (1) (516 SE2d 845) (1999); *Zampatti v. Tradebank Intl. Franchising Corp.*, 235 Ga. App. 333, 338 (2) (b) (508 SE2d 750) (1998).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 6, 2007.

*Henry H. Ware III*, for appellant.
*Aaron W. Mumford*, for appellee.