A11A1287, A11A1800. FULTON COUNTY BOARD OF ASSESSORS v. CALLIOPE PROPERTIES, LLC; and vice versa.
(720 SE2d 312)

ADAMS, Judge.

These related tax appeals involve the issue of attorney fees under OCGA § 48-5-311 arising in connection with ad valorem property assessments made by the Fulton County Board of Assessors (the "Board") on two separate residential parcels owned by Calliope Properties, LLC ("Calliope"). In Case No. A11A1287, the Board appeals the trial court's award of attorney fees with regard to one of these parcels, arguing that the trial court lacked subject matter jurisdiction to make the award. In Case No. A11A1800, Calliope appeals, arguing that the trial court erred in reducing to $1,600 its post-stipulation attorney fee award with regard to a second parcel.

*Case No. A11A1287*

The Board states that it is legally bound to determine the record owner and value of real property in Fulton County as of January 1 of each year for the purpose of establishing the property owner's tax liability, citing OCGA §§ 48-5-6, 48-5-9, and 48-5-10. In that regard, the Board assigned a fair market value of $120,500 as of January 1, 2009, to the residential property located at 1653 Temple Avenue ("Parcel 1"). The parties apparently agree that Deutsche Bank National Trust Company ("Deutsche") was the owner of record of

the subject property as of that date. R. J. Morris, Calliope's authorized agent and manager, apparently acquired title to Parcel 1 from Deutsche on or about January 30, 2009 for a purchase price of $30,000 and then re-conveyed Parcel 1 to Calliope the same day for a purchase price of $32,600.

Calliope filed a property tax return on Parcel 1 in its own name, asserting a 2009 value for Parcel 1 of $25,000. In response, the Board sent a duplicate assessment addressed to Deutsche, but at the address listed for Calliope on the property tax return. This assessment noted the return value of $25,000, but maintained the Board's previous valuation of $120,500. Calliope filed a notice of appeal of this valuation on July 16, 2009. In response, the Board sent Deutsche a letter at Calliope's address indicating that after a review of sales activity, data characteristics, assessments of similar properties and/or issues of depreciation, it saw no reason to change its evaluation. The Board's decision was automatically certified as an appeal to the Fulton County Board of Equalization (the "BOE") in Deutsche's name. No Calliope representative attended the BOE hearing, and on April 28, 2010, the BOE issued a decision making no change in the valuation. Once again, this ruling was sent to Deutsche at Calliope's address.

On May 4, 2010, Calliope filed a notice of appeal of the BOE determination, which included a demand for attorney fees and expenses "both in litigation and prior to suit." The appeal was certified to the superior court listing Deutsche, not Calliope, as the taxpayer. Calliope subsequently filed a "Motion to Correct Misnomer" asking that the style of the appeal be changed to reflect Calliope instead of Deutsche as the plaintiff/taxpayer. The Board did not respond to the motion, and on September 14, 2010, the trial court issued an order directing the clerk of court to "immediately correct and substitute the proper name of 'Calliope Properties, LLC' for 'Deutsche Bank National Trust Company' as the party Plaintiff upon all records in this case."

In the interim, the trial court ordered the parties to mediation, and although the parties agree that the mediation was unsuccessful, they disagree as to whether any agreements were reached. The Board contends that the parties agreed on a value for the subject property, leaving attorney fees as the only unresolved issue. Calliope asserts that no agreement was reached. The record contains no evidence of any agreement, and the matter proceeded to a jury trial on October 12, 2010, resulting in a verdict setting the value of Parcel 1 for ad valorem tax purposes at $77,800.

Calliope subsequently filed a motion under OCGA § 48-5-311 to recover its costs and attorney fees on the ground that the verdict's value of $77,800 was less than 85 percent of the last administrative valuation of $120,500 established by the Board and affirmed by the

BOE. OCGA § 48-5-311 (g) (4) (B) (ii) provides:

> If the final determination of value on appeal is 80 percent or less of the valuation set by the county board of equalization or hearing officer as to commercial property, or 85 percent or less of the valuation set by the county board of tax assessors as to other property, the taxpayer, in addition to the interest provided for by this paragraph, shall recover costs of litigation and reasonable attorney's fees incurred in the action.

The Board opposed Calliope's motion. Following an evidentiary hearing on the issue of attorney fees, the trial judge found that Calliope's claimed fees of $21,643.51 were reasonable and necessary for the services rendered and granted Calliope's motion.

The Board appeals this award, contending that the trial court lacked subject matter jurisdiction (1) to issue an attorney fee award to Calliope because Deutsche was the property owner/taxpayer as contemplated under OCGA § 48-5-311 and thus only Deutsche could prosecute the tax appeal in this case; (2) to grant attorney fees not contemplated by OCGA § 48-5-311; and (3) to grant attorney fees that were not reasonable or necessary. This Court applies "a de novo standard of review to purely legal questions such as whether a trial court has jurisdiction over a matter." (Citation and punctuation omitted.) *Hall County Bd. of Tax Assessors v. Avalon Hills Partners*, 307 Ga. App. 520, 522, n. 7 (705 SE2d 674) (2010).

1. The Board frames its argument that Deutsche, not Calliope, was the proper party to file the tax appeal in this case as an issue of subject matter jurisdiction, noting that such a jurisdictional issue cannot be waived. See *Blue Cross & Blue Shield of Ga. v. Deal*, 244 Ga. App. 700, 707 (3) (536 SE2d 590) (2000); *Rockdale County v. Finishline Indus.*, 238 Ga. App. 467, 469 (2) (518 SE2d 720) (1999). The Board argues that because Deutsche, which the Board contends was "the taxpayer" for 2009 as defined under OCGA § 48-5-311, failed to exhaust its administrative remedies, the trial court lacked jurisdiction to consider a tax appeal as to Parcel 1. See *Hooten v. Thomas*, 297 Ga. App. 487, 489 (677 SE2d 670) (2009) (if taxpayer fails to exhaust administrative remedies under OCGA § 48-5-311, superior court lacks subject matter jurisdiction to decide appeal).

The Board does not contend, however, that Calliope failed to take the steps necessary to exhaust the available administrative remedies with regard to the tax assessment on Parcel 1. And, in fact, Calliope pursued all available administrative remedies to contest the Board's valuation of the property, i.e., filing a property return, appealing the Board's valuation, and appealing the BOE's ruling to the superior

court. See OCGA § 48-5-311. Thus, the real issue is not whether the administrative remedies were exhausted, but rather whether Calliope was the proper party to take such steps.

Moreover, the Board does not challenge the proposition that if Calliope had standing as a matter of law to appeal to the superior court, the trial court possessed the power to determine Calliope's appeals and to impose any resulting judgment upon the parties to the litigation, i.e., the court lawfully could exercise jurisdiction over both the subject matter of the petition for tax appeal and over the parties. Accordingly, the Board's challenge is not to the trial court's subject matter jurisdiction, but rather to Calliope's standing to invoke the powers of the court, i.e., whether Calliope was the real party in interest to serve as party plaintiff.

The Board has waived any such argument, however, by failing to raise it in the trial court. Although the appeal to the superior court was originally certified in Deutsche's name, the trial court issued an order substituting Calliope as the party plaintiff without any objection by the Board. This order was made in response to Calliope's "Motion to Correct Misnomer." A motion to correct a misnomer pursuant to OCGA § 9-10-132 is not ordinarily employed to change parties or add a new and distinct party. See *Foskey v. Vidalia City School*, 258 Ga. App. 298, 300 (a) (574 SE2d 367) (2002). But Calliope's motion did not specifically invoke OCGA § 9-10-132, and, in any event, "courts are not bound by the designation given motions by the parties," but rather "look to substance over nomenclature." (Citation and punctuation omitted.) *Miller v. State*, 264 Ga. App. 801, 803 (b) (592 SE2d 450) (2003). See also *Roberts v. Bienert*, 183 Ga. App. 751, 755 (360 SE2d 25) (1987). A review of the motion makes it apparent that it sought to have the trial court substitute Calliope for Deutsche as the plaintiff, as it was Calliope, not Deutsche, that filed the property return, as well as the appeals to the BOE and to the superior court.[1] Thus, the motion was more in the nature of a motion to substitute a party under OCGA § 9-11-17. Under that statute, "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." OCGA § 9-11-17 (a). Thus the failure to raise a timely objection based upon the real party in interest results in a waiver of that issue. See *Rome Housing Auth. v. Allied Bldg. Materials*, 182 Ga. App. 233, 237 (2) (355 SE2d 747) (1987) (real-party-in-interest

---

[1] No issues of service arise because Calliope was the plaintiff in the appeal, and after Calliope filed a property return, the Board began sending all its filings to Calliope's address.

objection may be made at any time up to and including a trial on the merits; otherwise it is waived). See also *Lewis v. Van Anda*, 282 Ga. 763, 765 (1) (653 SE2d 708) (2007) (failure to assert plaintiff's alleged lack of standing prior to the entry of judgment results in the waiver of such defense); *Hollberg v. Spalding County*, 281 Ga. App. 768, 773 (2) (a) (637 SE2d 163) (2006) (same as to real party in interest).

Accordingly, we do not reach the issue of whether Calliope was the real party in interest with standing to appeal the 2009 valuation and assessment of Parcel 1 because the Board waived that issue below.

2. The Board also argues that the trial court lacked subject matter jurisdiction to award attorney fees because Calliope failed to meet the statutory requirements to recover such fees. The version of OCGA § 48-5-311 (g) (4) (B) (ii) applicable to this case provides that a taxpayer cannot recover attorney fees "when the property owner has failed to return for taxation the property that is under appeal." The Board asserts that because Deutsche was the property owner as of January 1, 2009, Deutsche was required to return Parcel 1 for assessment that year. The Board argues that because Calliope failed to prove that Deutsche filed a return of the property or that it assigned Calliope its rights to do so, Calliope failed to meet the requirements for recovering attorney fees under OCGA § 48-5-311.

It is undisputed, however, that Calliope filed a return on the property for 2009 and that the Board acknowledged and rejected Calliope's return value. Thus, as in Division 1, the Board's argument is not actually jurisdictional in nature, but instead the Board argues that Calliope was not the appropriate party to file the 2009 return. Under OCGA § 48-5-15,[2] a property return may only be made by the property owner or its authorized agent, or it is subject to rejection by the county tax commissioner. See *Cobb County Bd. of Tax Assessors v. Morrison*, 249 Ga. App. 691, 692 (548 SE2d 624) (2001).

Here, not only was Calliope's return *not* rejected by the county tax commissioner, it was processed without objection by the Board as if Deutsche had filed it. Although Calliope clearly identified itself as the property owner on the return and all subsequent correspondence and appeals, the Board failed to detect this discrepancy. Rather, it ad-

---

[2] OCGA § 48-5-15 (a) provides: "All improved and unimproved real property in this state which is subject to taxation shall be returned by the person owning the real property or by his or her agent or attorney to the tax receiver or tax commissioner of the county where the real property is located." Accordingly, "[u]nder Georgia's ad valorem tax statutes, each property owner has a personal affirmative duty to return the fair market value of taxable property including any improvements and must do so annually, in writing, and under oath." *Intl. Auto Processing v. Glynn County*, 287 Ga. App. 431, 433 (1) (651 SE2d 535) (2007).

dressed all further correspondence to Deutsche, albeit at Calliope's address, and listed Deutsche's name on all further filings, including its certification of the appeal to the superior court. Moreover, when Calliope raised the discrepancy by motion before the superior court, the Board failed to take any action to contest Calliope's standing to file the tax return and/or the subsequent appeals. Under these circumstances, we find that the Board waived its argument that Calliope was not entitled to attorney fees under OCGA § 48-5-311 (g) (4) (B) (ii) on the ground that Deutsche failed to file a property tax return.

3. The Board further argues that the trial court lacked subject matter jurisdiction to grant attorney fees that were not reasonable or necessary under OCGA § 48-5-311. As an initial matter, we agree with Calliope that this argument has absolutely nothing to do with the trial court's subject matter jurisdiction. Nevertheless, we will address the Board's argument that the attorney fees were not reasonable or necessary under OCGA § 48-5-311. We review the trial court's determination in this regard for an abuse of discretion. See generally, *Greer v. Davis*, 244 Ga. App. 317, 321 (3) (534 SE2d 853) (2000) (OCGA § 9-15-14 fees).

The trial court held an evidentiary hearing on attorney fees, during which both Calliope's counsel and an expert employed by the Board testified as to whether the fees requested were reasonable and necessary. After reviewing the evidence and the arguments of the parties, we find that the amount of the fee award granted by the trial court was within the range of the evidence adduced at the hearing, and the award is not manifestly unreasonable on its face, especially since the issue of valuation necessitated a jury trial. Even if this Court or another trial judge might have come to a different calculation as to the reasonable and necessary attorney fees, we cannot say that the trial court abused its discretion in awarding $21,643.51 to Calliope under the evidence presented.

*Case No. A11A1800*

4. The Board set the 2009 valuation for the residential property located at 2296 Ewing St. ("Parcel 2") at $71,500. After Calliope appealed this determination, the board set a revised 2009 value at $58,900. Calliope appealed this assessment to the BOE and then to the superior court. After mediation and other negotiations, the parties reached a stipulation setting the value of the property at $40,000. The stipulation expressly provided that it was not "intended to limit or to waive the ability of either [Calliope] or [the Board] to seek or to contest the award of costs of litigation including attorney's fees associated with the instant appeal."

Calliope subsequently filed a motion pursuant to OCGA §

48-5-311, requesting $11,163 in attorney fees and $126 in costs. After hearing argument and evidence, the trial court entered a final judgment setting the 2009 value of Parcel 2 at $40,000, which the court found to be less than 85 percent of the Board's valuation of the property. And the trial court awarded Calliope attorney fees in the amount of $2,000 for legal work its attorney performed on the case prior to the parties' stipulation and $1,600 for post-stipulation work, as well as $126.50 in costs, for a total award of $3,726.50.

Calliope appeals the trial court's reduction of the post-stipulation attorney fees awarded in this case to $1,600 from the approximately $5,300 requested.[3] The attorney fee hearing in Case No. A11A1800 was held just four days after the attorney fee hearing in Case No. A11A1287 before a different trial judge. The Board was represented by different counsel at each hearing, but they used the same expert to contest Calliope's fees.[4]

The cases necessarily share common issues, although in Case No. A11A1800, the parties arrived at a stipulation as to the value of Parcel 2, the subject property, while Case No. A11A1287 necessitated a jury trial to resolve the valuation of Parcel 1. The post-stipulation work by Calliope's counsel in this case involved the issue of attorney fees, but amounted to almost one-half of the total fees requested.[5] The trial court's order found "nothing complex factually or legally about this particular tax appeal that would merit" the counsel's billing rate of $305 per hour. The court also found that some of the work for which Calliope sought reimbursement "could easily have been billed by a secretary or a paralegal at a much lower biller rate or at no charge to the client." Based upon these factors and the evidence and argument adduced at the hearing, the trial court awarded Calliope $1,600 for briefing the attorney fee motion and attending the hearing, after noting that the issue was strongly disputed. Having reviewed the evidence and considering the circumstances, we cannot say that the trial court abused its discretion in reducing the attorney fee award in this manner. See *Doe v. HGI Realty*, 254 Ga. App. 181, 183 (561 SE2d 450) (2002) (affirming reduction in attorney fee award from $118,354.40 to $30,000 based upon trial court's determination of the fees reasonable and necessary to perform the work).

*Judgments affirmed. Barnes, P. J., and Blackwell, J., concur.*

---

[3] Accordingly, Calliope does not appeal the reduction in fees for the pre-stipulation legal work.

[4] These cases were just two of a number of cases filed by counsel on behalf of Calliope in Fulton County.

[5] It is worth noting that the evidence at both hearings showed that Calliope's attorney actually owns a 50 percent interest in the company that owns Calliope.

DECIDED NOVEMBER 28, 2011.

*Case No. A11A1287*

*Sandy R. Burney*, for appellant.
*Dietrick, Evans, Scholz & Williams, Robert W. Scholz, John F. Woodham*, for appellee.

*Case No. A11A1800*

*Dietrick, Evans, Scholz & Williams, Robert W. Scholz*, for appellant.
*Matthew C. Welch, Pat D. Dixon, Jr.*, for appellee.