A11A2058. CALLIOPE PROPERTIES, LLC v. FULTON COUNTY BOARD OF ASSESSORS.

(723 SE2d 34)

ADAMS, Judge.

Calliope Properties, LLC ("Calliope") appeals the trial court's order setting aside a judgment awarding it attorney fees under OCGA § 48-5-311 arising in connection with an ad valorem property assessment made by the Fulton County Board of Assessors (the "Board") on a residential parcel located at 2864 Diana Drive (the "Property"). We reverse for the reasons set forth below.

The Board set the 2009 value for the Property at $77,700. Wachovia Mortgage Corporation ("Wachovia"), which apparently was the property owner as of January 1, 2009, conveyed the Property to R. J. Morris by special warranty deed dated January 20, 2009. The same day Morris re-conveyed the Property to Calliope by warranty deed. Calliope filed a 2009 property tax return claiming a tax value for the Property of $15,100, and appealed the Board's valuation. In response, the Board reduced the valuation to $73,900, and Calliope appealed to the Fulton County Board of Equalization (the "BOE") and later to the superior court.[1] Although Calliope filed these appeals in its own name, when the Board certified the appeal to the superior court, it listed Wachovia as the taxpayer. Calliope filed a "Motion to Correct a Misnomer," asserting that it was the taxpayer and real

---

[1] Calliope paid the 2009 taxes subject to the pending appeals.

party in interest and thus the proper plaintiff in the appeal. The Board did not oppose the motion, and the trial court granted it.

On the day of the scheduled jury trial, the Board and Calliope stipulated that the fair market value of the Property for tax purposes was $15,100. The Board argued to the trial court that this stipulation obviated the need for any judicial determination of value, and therefore the issue of attorney fees under OCGA § 48-5-311 did not arise. After hearing argument from the parties, the trial court entered an order on November 30, 2010, finding that the value of the Property was $15,100. The court also determined that because that value was less than 85 percent of the value the Board set on the Property, Calliope had established the "threshold conditions" for the recovery of attorney fees under OCGA § 48-5-311 (g) (4) (B) (ii). The trial court indicated that it would hear argument on the reasonableness of such costs and attorney fees at a subsequent hearing.

The Board subsequently filed a motion to set aside that judgment, as well as the order granting Calliope's motion to correct a misnomer, on the ground that the real party in interest did not prosecute the appeal, and thus the superior court lacked jurisdiction in this matter. The Board argued that Wachovia, not Calliope, was the property owner/taxpayer as of January 1, 2009, which it argued was the crucial date contemplated under OCGA § 48-5-311, and thus Wachovia was the real party in interest. The Board asserted that nothing in the warranty deed from Wachovia assigned its rights to prosecute a tax appeal on the Property to Calliope, and thus it retained such rights. Because Wachovia failed to appeal the tax assessment, the Board argued that the trial court lacked jurisdiction to consider the matter. The trial court agreed, finding that Wachovia was the proper party to prosecute the appeal and thus granting the motion to set aside. Calliope appeals the grant of that motion on a number of grounds.

We find that this case is controlled by our earlier opinion in *Fulton County Bd. of Assessors v. Calliope Properties*, 312 Ga. App. 875 (720 SE2d 312) (2011) (*Calliope I*), in which we held that the Board waived its right to contest Calliope's standing as the real party in interest to prosecute a tax appeal on another property by failing to raise the issue prior to judgment. Similarly in this case, the Board raised no opposition to Calliope's being named as the plaintiff to the appeal and, in fact, continued to negotiate with Calliope as the plaintiff, ultimately reaching a mutual agreement as to the Property's value. Thus, the Board raised no opposition to Calliope's standing as the real party in interest until after the trial court entered judgment on the merits of the appeal and awarded Calliope attorney fees. Under these circumstances, we find that the Board waived the issue as discussed in *Calliope I*, 312 Ga. App. at 878 (1).

Accordingly, the trial court erred in granting the Board's motion to set aside and we reverse.

*Judgment reversed. Barnes, P. J., and Blackwell, J., concur.*

## DECIDED JANUARY 30, 2012.

*Evans, Scholz, Williams & Warncke, Robert W. Scholz, John F. Woodham*, for appellant.

*Denval A. Stewart, Vincent D. Hyman*, for appellee.