## A12A0025. FULTON COUNTY BOARD OF ASSESSORS v. GREENFIELD INVESTMENT GROUP, LLC.

(724 SE2d 828)

McFADDEN, Judge.

Fulton County Board of Assessors appeals the award of $7,628 in attorney fees and expenses to Greenfield Investment Group, LLC. The Board of Assessors argues Greenfield was not authorized to initiate the tax appeal in which the fees were awarded and that the amount of fees awarded was not reasonable. We find that Greenfield's appeal was authorized and that the superior court did not abuse its discretion in determining the amount of fees to award. We therefore affirm.

In May 2009, Greenfield became owner of record of the property at issue. It paid the 2009 property taxes under protest, and appealed the 2009 assessment. The Board of Equalization reduced its valua-

tion of the property from \$121,400 to \$77,900.

In April 2010, Greenfield initiated an appeal of the reduced amount in the superior court and included a claim for attorney fees. The Board of Assessors certified the appeal to the superior court. In that certificate, the Board listed "Banks of New York as Trustee" rather than Greenfield as appellant, because the bank was the trustee of a trust that had owned the property on January 1, 2009.

Greenfield filed a motion to "correct misnomer," seeking to correct the record to show that it, not the Bank of New York, was the appellant. In response, the Board of Assessors moved to dismiss the appeal on the ground that Greenfield was not the real party in interest. The superior court granted the motion to correct misnomer. Greenfield later filed Bank of New York's written authorization allowing Greenfield to pursue the appeal.

Eventually, the Board of Assessors stipulated that the value of the property was \$12,900, leaving the only issue for resolution Greenfield's entitlement to attorney fees. The superior court conducted a hearing, denied as moot the Board of Assessors' motion to dismiss, and awarded Greenfield \$7,628 in attorney fees and costs under OCGA § 48-5-311 (g) (4) (B) (ii). That statute provides in part that, "[i]f the final determination of value on appeal is . . . 85 percent or less of the valuation set by the county board of tax assessors . . . , the taxpayer . . . shall recover costs of litigation and reasonable attorney's fees incurred in the action." The Board of Assessors filed this appeal.

1. The Board of Assessors contends that the trial court lacked subject matter jurisdiction to issue an attorney fee award to Greenfield because Bank of New York was the property owner/taxpayer as contemplated under OCGA § 48-5-311 and thus only Bank of New York could prosecute the tax appeal in this case, at least until Greenfield obtained the authorization. Greenfield counters that it had standing to initiate the appeal because it paid the taxes, filed the return, and filed the appeals. We are not required to decide whether Greenfield had standing when it initiated the appeal in superior court because once it had the authorization from Bank of New York, any question of standing was resolved. See OCGA § 9-11-17 (a).

This court applies "a de novo standard of review to purely legal questions such as whether a trial court has jurisdiction over a matter." (Citation and punctuation omitted.) *Hall County Bd. of Tax Assessors v. Avalon Hills Partners*, 307 Ga. App. 520, 522, n. 7 (705 SE2d 674) (2010).

The Board of Assessors frames its argument that Bank of New York, not Greenfield, was the proper party to file the tax appeal in this case as an issue of subject matter jurisdiction. The Board of Assessors argues that because Bank of New York was "the taxpayer"

for 2009 as defined under OCGA § 48-5-311, Greenfield was not authorized to initiate the appeal in its name, and the superior court's jurisdiction was limited to requiring that the proper party be substituted or joined in the case. The Board of Assessors does not challenge the proposition that, if Greenfield had standing as a matter of law to appeal to the superior court, the superior court possessed the power to determine the appeal and to impose any resulting judgment upon the parties to the litigation, i.e., the court lawfully could exercise jurisdiction over both the subject matter of the petition for tax appeal and over the parties. Nor does the Board of Assessors challenge Greenfield's right to pursue the appeal once it obtained authorization from Bank of New York. Accordingly, the issue is whether Greenfield was the real party in interest to initiate the appeal.

A review of Greenfield's motion to correct misnomer makes it apparent that it sought to have the superior court substitute Greenfield for Bank of New York as the appellant because Greenfield, not Bank of New York, paid the 2009 taxes, filed the property return, filed the appeal to the Board of Equalization and filed the appeal to the superior court.

> Thus, the motion was more in the nature of a motion to substitute a party under OCGA § 9-11-17. Under that statute, no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest.

(Punctuation omitted.) *Fulton County Bd. of Assessors v. Calliope Properties*, 312 Ga. App. 875, 878 (1) (720 SE2d 312) (2011). "[S]uch ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." OCGA § 9-11-17 (a). The Board of Assessors does not challenge Greenfield's authority to prosecute the appeal once it received Bank of New York's authorization. Pretermitting whether Greenfield could initiate the appeal in its own name, the authorization from the Bank of New York was a ratification that had "the same effect as if the action had been commenced in the name of the real party in interest." OCGA § 9-11-17 (a). See also *Walsey v. Lockhart*, 136 Ga. App. 624, 625 (2) (222 SE2d 141) (1975). Consequently, the superior court did not err in denying the motion to dismiss, and it had jurisdiction to award attorney fees.

2. The Board of Assessors argues that the trial court erred by failing to exclude those attorney fees Greenfield incurred while it

was prosecuting the appeal but was not yet a proper party. For the reasons discussed in Division 1, the authorization from the Bank of New York allowed the superior court to treat Greenfield as if it were the real party in interest from the inception of the appeal. This enumeration lacks merit.

The Board of Assessors also argues that because Greenfield's attorneys' invoices reflected "block billing," the trial court could only speculate whether the fees were reasonable. It also argues that Greenfield relied on hearsay to support its claim. We find that the superior court had sufficient evidence from which to assess a reasonable fee.

Greenfield's attorney testified about his experience in tax appeals and his familiarity with the rates attorneys charge in the Atlanta area. He testified that he is the firm's managing partner, and his partner, who did not attend the hearing, did the majority of the work in the case. He testified about the reasonableness of his partner's rate, which he set. He testified about the work the firm did and introduced the firm's billing records for the case.

> [A]t a hearing held to determine the amount of attorney fees recoverable, each attorney for whose service compensation is sought must provide admissible evidence of fees in the form of personal testimony, or through the testimony of the custodian of the applicable billing records, as an exception to the hearsay exclusion. . . . It is clear, however, that the witnesses need not be the attorneys or paralegals who performed the work.

(Citations and punctuation omitted.) *Santora v. American Combustion*, 225 Ga. App. 771, 775 (3) (485 SE2d 34) (1997). Given the evidence introduced at the hearing, we cannot say that the superior court abused its discretion in determining the amount of fees to award. *Calliope*, supra, 312 Ga. App. at 880 (3).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED MARCH 1, 2012.

*Denval A. Stewart*, for appellant.

*Busch, Slipakoff & Schuh, Christopher M. Porterfield, Robert J. Proctor*, for appellee.