A12A0589. FULTON COUNTY BOARD OF ASSESSORS
v. CALLIOPE PROPERTIES, LLC.
(727 SE2d 198)

ELLINGTON, Chief Judge.

In this ad valorem tax appeal, the Superior Court of Fulton County determined that the fair market value of the subject residential parcel was $30,000. Because this was less than 85 percent of the valuation set by the Fulton County Board of Assessors (the "Board of Assessors"), the trial court awarded the owner, Calliope Properties, LLC ("Calliope"), attorney fees under OCGA § 48-5-311. The Board of Assessors appeals, contending that Calliope was not the proper party to appeal the assessment and, therefore, that the trial court erred in awarding attorney fees. In addition, the Board of Assessors contends that OCGA § 48-5-311 does not authorize fees when a trial court accepts a stipulation of the parties as to the fair market value of the parcel, as occurred in this case, and that Calliope failed to prove the reasonableness of its claimed fees. For the reasons explained below, we affirm.

---

The following facts are undisputed. On January 1, 2009, U. S. Bank owned the subject parcel, 4282 Wallace Avenue, Atlanta. Calliope bought the property for $25,490 on January 23, 2009. Calliope filed a real estate property tax return on the property, declaring the value of the property to be $25,490.[1] Thereafter, the Board of Assessors mailed a notice of assessment for the 2009 tax year to U. S. Bank, declaring the market value of the parcel to be $98,900. Calliope filed a timely notice of appeal from the assessment to the Board of Assessors and identified itself as the owner of the property. Calliope also paid the ad valorem tax when due.

After the Board of Assessors's first level of review (the "field review"), the Board reduced the assessment to $82,600. Calliope then filed a timely notice of appeal to the Board of Equalization. After a hearing, where Calliope's agent appeared and presented evidence, the Board of Equalization affirmed the $82,600 valuation. Calliope then filed a timely notice of appeal to the Superior Court of Fulton County. The Board of Assessors's chief appraiser certified the appeal to the superior court, identifying Calliope as the "taxpayer"; the General Civil Case Filing Information Form identified Calliope as the "plaintiff."

Calliope filed a Motion to Correct Misnomer, based on its mistaken assumption that, in preparing the Case Filing Information Form, the Board of Assessors failed to identify Calliope as the taxpayer but instead "misidentified the party appellant by referencing the name of a prior owner of the Property, [that is, U. S. Bank], which is now erroneously identified as the appellant [in] this case."[2] The Board of Assessors did not recognize Calliope's mistaken assumption and responded to Calliope's motion by saying that it was required to certify a tax appeal in the name of the party which owned the property on January 1 of the tax year, which is known as "the lien date." Although the Board of Assessors objected to "the characterization of its actions as deliberate misidentification, or error," the Board of Assessors affirmatively stated that it had no objection to the "addition" of the name of Calliope to the style of the case. The trial

---

[1] See OCGA § 48-5-15 (a) ("All improved and unimproved real property in this state which is subject to taxation shall be returned by the person owning the real property or by his or her agent or attorney to the tax receiver or tax commissioner of the county where the real property is located.").

[2] Calliope had filed similar Motions to Correct Misnomer in tax appeals concerning other parcels, where the Board of Assessors *had* identified a prior owner as the taxpayer when certifying the appeals to the superior court. See, e.g., *Fulton County Bd. of Assessors v. Calliope Properties*, 312 Ga. App. 875, 876 (720 SE2d 312) (2011).

court erroneously noted that " 'Greentree Servicing, Inc.' is the named-petitioner in this matter," found that a substitution of parties would be the proper vehicle to correct the confusion in the record, and denied Calliope's Motion to Correct Misnomer. On February 21, 2011, Calliope filed documents purporting to "confirm" that the transfer to Calliope of title to the subject property included the right to appeal the 2009 valuation and resulting tax obligation.

In a proposed pretrial order, the Board of Assessors stipulated that the fair market value of the parcel for the 2009 tax year was $30,000, and Calliope accepted that value. Based on this stipulation, the trial court found that the fair market value was $30,000. Because this value was less than 85 percent of the valuation set by the Board of Assessors, the trial court awarded Calliope its attorney fees under OCGA § 48-5-311 (g) (4) (B) (ii).[3] The court awarded fees in the amount of $6,437.18, based on the testimony of attorney Robert Proctor, and a timesheet that recorded times for specific tasks performed by Proctor and by attorney Chris Porterfield and indicated an hourly rate of $375 for Proctor and $250 for Porterfield.

1. The Board of Assessors contends that, because the trial court never entered an order of substitution, Calliope was not a party to the case that was entitled to pursue the action below and that the trial court accordingly erred in awarding attorney fees to such a non-party. This argument lacks merit. The Board ignores the fact that, when it certified the tax appeal to the superior court, it designated Calliope as the taxpayer and party plaintiff. Calliope's contrary assumption, and its unnecessary Motion to Correct Misnomer, did not change the facts that, according to the Board's own certification, Calliope was a party from the inception of the proceedings. The trial court's order denying Calliope's motion was a nullity and has no bearing on whether Calliope is entitled to attorney fees under OCGA § 48-5-311 (g) (4) (B) (ii).

2. The Board of Assessors contends that the party who owns a parcel on January 1 of a particular tax year is the proper party to prosecute an appeal of a property assessment. The Board contends that Calliope had no right to prosecute this action in its own name until February 21, 2011, when it filed documents constituting an express assignment of U. S. Bank's appeal rights. Consequently, the Board contends, the trial court erred in awarding Calliope fees for legal services that occurred before February 21, 2011.

---

[3] "If the final determination of value on appeal is . . . 85 percent or less of the valuation set by the county board of tax assessors as to [non-commercial] property, the taxpayer, in addition to the interest provided for by this paragraph, shall recover costs of litigation and reasonable attorney's fees incurred in the action." OCGA § 48-5-311 (g) (4) (B) (ii).

Under Georgia law, ad valorem taxes upon real property are assessed upon the owner of record of the property as of January 1 of the subject tax year. OCGA §§ 48-5-9; 48-5-10; *Jamestown Assocs. v. Fulton County Bd. of Tax Assessors*, 228 Ga. App. 360, 361 (492 SE2d 1) (1997). After selling property, the January 1 owner remains liable for ad valorem taxes for the year as a personal debt, and the tax commissioner also retains a lien upon the property which is enforceable against the subsequent purchaser of the property. *Mulligan v. Security Bank of Bibb County*, 280 Ga. App. 248, 249-250 (633 SE2d 629) (2006). Pretermitting whether the Board of Assessors was authorized to reject Calliope's appeal from the notice of assessment on the basis that it acquired the property after the January 1 lien date, the record shows that the Board, in fact, accepted Calliope's appeal from the 2009 valuation and administered the process through the Board of Assessors's field review, a review by the Board of Equalization, and the certification of the appeal to the superior court. Accordingly, the Board of Assessors waived any objection to Calliope's acting in the role of the taxpayer during the appeal and may not on this basis avoid liability for its attorney fees under OCGA § 48-5-311 (g) (4) (B) (ii). *Calliope Properties, LLC v. Fulton County Bd. of Assessors*, 313 Ga. App. 795 (723 SE2d 34) (2012); *Fulton County Bd. of Assessors v. Calliope Properties*, 312 Ga. App. 875, 879-880 (2) (720 SE2d 312) (2011).[4]

3. The Board of Assessors contends that the word "determination" in OCGA § 48-5-311 (g) (4) (B) (ii) "contemplates a judicial action" and therefore that, when a trial court accepts a stipulation of the parties as to the fair market value of the parcel, there is no final determination of value on appeal. Because the fee provision applies only after a final determination of value on appeal, the Board contends, the trial court erred in awarding fees under that provision. This argument is specious. A stipulation is simply a voluntary agreement by a party that it will not contest certain facts. *Thompson v. Wise*, 182 Ga. App. 335 (356 SE2d 40) (1987). Even though the stipulation relieved Calliope of the need to offer evidence of the parcel's value, the court's Final Order represents a final determination of value on appeal, and fees were authorized under the statute. *Fulton County Bd. of Assessors v. Calliope Properties*, 312 Ga. App. at 880-881 (4).

---

[4] In 2009, Georgia's Revenue and Taxation Code authorized any "taxpayer" to appeal from an assessment. OCGA § 48-5-311 (e) (1) (A) (2009). As amended effective January 1, 2011, the Code now authorizes such appeals by "[a]ny taxpayer or property owner as of the last date for filing an appeal[.]" OCGA § 48-5-311 (e) (1) (A) (2012). We do not reach the issue of whether the amendment has retroactive application, however, because any objection has been waived.

4. The Board of Assessors contends that Calliope failed to prove the existence of an attorney-client relationship with attorneys Proctor and Porterfield, the terms of any fee agreement, the necessity of the tasks performed by Proctor and Porterfield, as recorded on the timesheet, and the value of the services provided. We review the trial court's determination regarding the amount of the reasonable attorney fees Calliope incurred in the action for an abuse of discretion. *Fulton County Bd. of Assessors v. Calliope Properties*, 312 Ga. App. at 880 (3).

After reviewing the evidence and the arguments of the parties, we find that the evidence showed the existence of an attorney-client relationship. Furthermore,

> the amount of the fee award granted by the trial court was within the range of the evidence adduced at the hearing, and the award is not manifestly unreasonable on its face. . . . Even if this Court or another trial judge might have come to a different calculation as to the reasonable and necessary attorney fees, we cannot say that the trial court abused its discretion in awarding [$6,437.18] to Calliope under the evidence presented.

*Fulton County Bd. of Assessors v. Calliope Properties*, 312 Ga. App. at 880 (3). See also *Fulton County Bd. of Assessors v. Greenfield Investment Group*, 314 Ga. App. 523, 526 (2) (724 SE2d 828) (2012) (accord).

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*

DECIDED APRIL 5, 2012.

*Matthew C. Welch, Pat D. Dixon, Jr.,* for appellant.
*Busch, Slipakoff & Schuh, Christopher M. Porterfield,* for appellee.