**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 10, 2015**

# In the Court of Appeals of Georgia

A15A0218. SURETTE et al. v. HENRY COUNTY BOARD OF TAX ASSESSORS.

BRANCH, Judge.

John and Marla Surette appealed their residential property valuation for the year 2011 to the Superior Court of Henry County. That court eventually signed a consent order and judgment between the Surettes and the Henry County Board of Tax Assessors that expressly established the value of the Surettes' property as $153,000 for that year and for 2012 and 2013, as well, but subject to certain statutory law:

> [T]he parties have expressly agreed, as indicated by their respective signatures hereto, that as of January 1, 2011, the fair market value of the real property and all improvements thereon . . . for tax purposes was $153,000.00. . . . By further agreement and stipulation of the parties and subject to the provision of OCGA § 48-5-299 (c), the fair market value for January 1, 2012 and January 1, 2013, shall be $153,000.

Nevertheless, two years later the Surettes sought to appeal the 2013 valuation established by the consent order on the grounds that the value of the property had fallen significantly since the time of that order. The Board of Assessors concluded that the 2013 value should remain at $153,000, and it certified the Surettes' appeal to the Board of Equalization, which affirmed the decision of the Board of Assessors. The Surettes then appealed to the Superior Court of Henry County, but the Board of Assessors moved to dismiss based on the 2011 consent order and judgment. The superior court granted the motion "due to Plaintiffs' prior stipulation of value entered in [the earlier consent order]." The Surettes appeal the dismissal of their appeal. We affirm.

"On appeal, we review a trial court's decision to grant or deny a motion to dismiss de novo." *Liberty County School Dist. v. Halliburton*, 328 Ga. App. 422, 423 (762 SE2d 138) (2014) (citation omitted). "In reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor." *Ewing v. City of Atlanta*, 281 Ga. 652, 653 (2) (642 SE2d 100) (2007) (punctuation and footnotes omitted).

1. The Surettes obviously agreed in a consent order that the value of the property for 2011, 2012, and 2013 would be $153,000. Without an exemption or exception to that agreement, the Surettes are bound to what they agreed to:

> Parties to stipulations and agreements entered into in the course of judicial proceedings are estopped from taking positions inconsistent therewith, and no litigant will be heard to complain unless it be made plainly to appear that the consent of the complaining party was obtained by fraud or mistake.

*Wright v. Stuart*, 229 Ga. App. 50, 51 (1) (494 SE2d 212) (1997) (citation and punctuation omitted).

2. The Surettes argued below and argue on appeal that the consent order was obtained in part by fraud because counsel for the appellee told them that they could appeal in the years following the 2011 tax year if their property lost significant value. The Surettes, however, did not introduce any admissible evidence to support this assertion in response to the motion to dismiss. Moreover, the terms of the consent judgment and the meaning of OCGA § 48-5-299 (c) completely control their right to appeal the assessed value of their property for tax years 2012 and 2013. As for the consent order, its meaning is not vague or uncertain. As for the statute at issue, the Surettes are charged with notice of the law of this state. *Ga. State Licensing Bd. for*

*Residential & Gen. Contractors v. Allen*, 286 Ga. 811, 817 (2) (692 SE2d 343) (2010) ("OCGA § 1-3-6 provides that: 'After they take effect, the laws of this state are obligatory upon all the inhabitants thereof. Ignorance of the law excuses no one.' Thus, . . . the plaintiffs were charged with notice of the . . . law.") (citation omitted).

3. In their remaining argument, the Surettes contend they are entitled to challenge the 2013 value of their property because the 2011 consent order states that it is "subject to" OCGA § 48-5-299 (c), which provides that resolution of a tax appeal for one year establishes the value of the relevant property for the following two years except under certain circumstances, including the filing of a "return" by the taxpayer at a different value in one of the two following years:

> Real property, the value of which was established by an appeal in any year, that has not been returned by the taxpayer at a different value during the next two successive years, may not be changed by the board of tax assessors during such two years for the sole purpose of changing the valuation established or decision rendered in an appeal to the board of equalization or superior court.

OCGA § 48-5-299 (c). The Surettes argue that they in fact filed a return at a different value for the tax year 2013 by appealing the valuation of their property for that year.

But, as explained below, the Surettes did not file a return for 2013 and therefore cannot take advantage of the cited statute.

When interpreting relevant statutes, we look to the plain meaning of the statutes; "[w]here the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden." *Cullum v. Chatham County Bd. of Tax Assessors*, 243 Ga. App. 865, 866 (534 SE2d 535) (2000) (citation and punctuation omitted).

Ad valorem tax returns must be filed between January 1 and April 1 of each year. See OCGA § 48-5-18 ("Each tax commissioner and tax receiver shall open his or her books for the return of real or personal property ad valorem taxes on January 1 and shall close those books on April 1 of each year."); OCGA § 48-5-103 ("It shall be the duty of the tax receiver to . . . [r]eceive all tax returns within the time and in the manner prescribed by law."). Also, such returns must "contain or be verified by" a specific "written declaration." OCGA § 48-5-19 (a).[1] And "returns must state the

---

[1] The declaration is set forth in the statute as follows:

"I do solemnly swear that I have carefully read (or have heard read) and have duly considered the questions propounded in the foregoing tax list, and that the value placed by me on the property returned, as shown by the list, is the true market value thereof; and I

5

taxable property's fair market value. See OCGA § 48-5-6." *Intl. Auto Processing v. Glynn County*, 287 Ga. App. 431, 433 (1) (651 SE2d 535) (2007). Tax assessment appeals, however, are a separate process from filing a return. See OCGA § 48-5-306; Ga. Comp. R. & Regs. 560-11-10-.09. And appeals must be filed within 45 days from the date of the mailing of tax assessment notice by the county board of tax assessors. See OCGA §§ 48-5-311 (e) (2) (A); 48-5-306.

The Surettes contend that their appeal of the 2013 assessment constitutes a "return" for the 2013 tax year. But the Surettes filed their appeal on May 3, 2013, outside of the time required to file returns; they did not include the declaration required in a return; and their appeal did not state the fair market value of the property. It is clear from the facts and the relevant law that the Surettes filed an appeal of the county assessment, not a return, for the tax year 2013. Under Georgia

---

further swear that I returned, for the purpose of being taxed thereon, every species of property that I own in my own right or have control of either as agent, executor, administrator, or otherwise; and that in making this return, for the purpose of being taxed thereon, I have not attempted either by transferring my property to another or by any other means to evade the laws governing taxation in this state. I do further swear that in making this return I have done so by estimating the true worth and value of every species of property contained therein."

6

law, when a taxpayer fails to file a return for one tax year, he or she shall be deemed to have returned the property for the same value as the preceding year:

> Any taxpayer of any county who returned or paid taxes in the county for the preceding tax year and who fails to return his property for taxation for the current tax year as required by this chapter shall be deemed to have returned for taxation the same property as was returned or deemed to have been returned in the preceding tax year at the same valuation as the property was finally determined to be subject to taxation in the preceding year.

OCGA § 48-5-20 (a) (1). See also Ga. Comp. R. & Regs. 560-11-10-.09 (2) (b) (2) ("[T]he appraisal staff shall deem any property owner that does not file a return by the deadline as returning for taxation the same property as was returned or deemed to have been returned in the preceding tax year at the same valuation as the property was finally determined to be subject to taxation in the preceding year.").

Because the Surettes did not file a return for 2013, they are deemed to have returned their property for the value from 2012, which was the same value from 2011, i.e., $153,000. Thus, the Surettes did not trigger the exception found in OCGA § 48-5-299 (c) that might have allowed them to contest the assessed value of their property for the 2013 tax year despite having entered into the consent order two years earlier. And given that the Surettes agreed in the 2011 consent order that the fair market

7

value of their property for January 1, 2013 would be $153,000, they are thereby bound to that amount for the purposes of an appeal of the county assessment for that tax year. It follows that the trial court properly granted the Board's motion to dismiss.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*